**Albert BURRAGE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 56880.**

Supreme Court of Missouri,
Division No. 2.

March 13, 1972.

Homer N. Mastorakos, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

In August, 1970 Albert Burrage, tried to the court without a jury, was found guilty of the detestable crime against nature and sentenced to three years' imprisonment.

On January 12, 1971 the prisoner filed a motion to vacate and set aside the judgment of conviction and sentence, alleging these grounds:

(1) "* * * that he was denied a jury trial, a right afforded by the Sixth Amendment to the United States Constitution, and that he did not intelligently waive that right. * * * this movant has very little intelligence and the only purpose to brainwash him into forfeiting his precious rights was to save the State money and not administer due process to this ignorant layman. * * * movant had a right to be tried by his peers, which counsel with understanding forfeited to aid the State. * * *"

(2) "Movant had ineffective counsel because he aided the State in saving money for a jury trial, knowing good and well that this movant's chances were one hundred per cent gone because nobody has ever won at a judge's trial."

(3) "The prosecution took a personal interest in this case and threatened the State's witness with prosecution if she

failed to testify, therefore the free choice no longer remained and it forced the witness to testify even though she probably had a change of mind, probably felt that movant was innocent * * *."

(4) "Denial of a preliminary hearing and counsel."

(5) "Movant was denied an appeal, a further conspiracy of counsel and the State."

The space under paragraph 9 calling for a concise statement of facts which support each of the grounds of the motion was left blank. No evidentiary hearing was granted. On March 4, 1971 the court made this order: " * * * [A]pplication of movant to vacate and set aside verdict is taken as submitted by the Court and is hereby denied on the ground that the motion, files and records in this cause conclusively show that the movant is not entitled to any relief." This appeal followed.

Appellant contends that the trial court erred in overruling the motion to vacate in that (I) "movant was not physically produced or present and a full evidentiary hearing on said motion was not held"; (II) [the court] "failed to make findings of fact"; and (III) the court's ruling was "against the greater weight of the evidence as shown on the face of the transcript." (The transcript referred to is the transcript of the evidence at the trial of the charge of sodomy.)

Constitution of Missouri 1945, Article I, § 22(a) V.A.M.S. provides that " * * * in every criminal case any defendant may, with the assent of the court, waive a jury trial and submit the trial of such case to the court, * * *." Criminal Rule 26.01, V.A.M.R., provides that all issues of fact in any criminal case shall be tried by a jury unless trial by jury be waived as provided in the rule, which contains the same provision for waiver as that appearing in the Constitution, and further provides that "[S]uch waiver by the defendant shall be made in open court and entered of record."

We have held that the requirements of the Constitution and rule are satisfied by the filing of a memorandum signed by the defendant and his attorney and approved by the judge, expressly waiving the right to trial by jury and agreeing that the cause be tried to the court; and that *on a direct appeal*, where there is nothing to impeach the memorandum of waiver (other than affidavits attached to appellant's brief on appeal), appellant's point that the court failed to ascertain on the record appellant's awareness of his right to trial by jury, his right to refuse to waive trial by jury and that his entering into an agreement to waive trial by jury was not informed, will not be sustained. State v. Butler, Mo.Sup., 415 S.W.2d 784[1].

On this appeal there are two brief references in the transcript to the question of waiver of trial by jury. On the day the case was assigned to division this appears: "[D]efendant, by his attorney, Walter L. Wittenberg, waives his right to a trial by jury and requests the trial to be heard by the Court." This entry indicates that there was an oral waiver by appellant's attorney. If a written memorandum of waiver was filed there is nothing to show that appellant or the trial judge signed it. At the beginning of the actual trial of the case (the next day) the following appears:

"MR. WITTENBERG: Your Honor, the defendant has informed me, even though yesterday he waived a jury trial after I spoke to him and explained to him what the situation was, and he now indicates he wants a jury trial.

"THE COURT: Overruled. You waived the jury and in a memorandum, and it was filed, and all the witnesses are here. You may proceed."

From the last quoted entry it appears that a written memorandum was filed but the record does not show and we are not informed whether the memorandum of waiver was signed by appellant and marked "approved" by the trial judge. Assuming that it was signed by appellant and his at-

torney and approved by the judge, it may be inferred that appellant was informed that he had a right to a jury trial, and that after the memorandum of waiver was filed appellant decided that he wanted a jury trial. There is no affirmative showing of record in the transcript before us that appellant was informed of the meaning, incidents and benefits of a trial by jury or of the implications and consequences of "waiver" of trial by jury, or that appellant voluntarily, knowingly and intelligently waived his right to trial by jury.

We are thus confronted squarely with the question whether this prisoner in this postconviction proceeding under Criminal Rule 27.26, under the allegations in this motion, may impeach this record and is entitled to present evidence at a formal hearing on that question. We do not have the situation presented in Young v. State, Mo. Sup., 473 S.W.2d 390, in which the prisoner was accorded a full evidentiary hearing under Criminal Rule 27.26 on these same questions, thereby enabling the trial court to determine whether Young's right to trial by jury was invaded, and making possible appellate review of the trial court's action.

■ Our conclusion is that appellant was entitled to a full evidentiary hearing on the questions of appellant's awareness of the meaning, incidents and benefits of a trial by jury and the implications and consequences of waiver of the right, and whether appellant voluntarily, knowingly and intelligently waived the right. This for the reason that under ground (1) of his motion to vacate the prisoner, albeit sparingly and without a full and complete statement of the facts, has made minimum essential allegations contradicting the transcript on appeal,[1] sufficient to raise issues of fact as to what occurred in connection with the purported waiver of trial by jury, which issues cannot be resolved by reference to the sparse record on the subject.

State v. Garner, Mo.Sup., 412 S.W.2d 155; Painter v. State, Mo.Sup., 438 S.W.2d 227. Appellant has the right to attempt to impeach the court record which recites that he waived his right to a trial by jury and requested the trial to be heard by the court. Garrett v. State, Mo.Sup., 459 S.W. 2d 378, 383.

We are deciding this appeal on the basis of the issues of fact raised in ground (1) of appellant's motion to vacate. In view of our ruling it is not necessary to comment on the other four grounds of the motion, except to say that if they are to be relied upon they should be amplified and fortified with sufficient allegations of fact, if such facts exist.

At the hearing which we are requiring appellant is entitled to be present and represented by counsel. If requested by appellant or his counsel he is to be given an opportunity to amend his motion to vacate not only to state more fully the facts relating to the various grounds of his motion but also to state any and all other grounds of relief which he may have.

After the hearing the court is directed to make findings of fact and conclusions of law sufficient to enable this Court to review the decision on appeal in compliance with Criminal Rule 27.26(j). Painter v. State, supra; Gerberding v. State, Mo. Sup., 433 S.W.2d 820; Larson v. State, Mo.Sup., 437 S.W.2d 67.

Order reversed and cause remanded for an evidentiary hearing consistent with this opinion.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.

[1] Criminal Rule 27.26(e) expressly states that "if the allegations thereof directly contradict the verity of records of the court, that issue shall be determined in the evidentiary hearing."