**Arnold Butch COLE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 49025.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 26, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
April 26, 1985.

Application to Transfer Denied
May 29, 1985.

Debra Buie Arnold, Public Defender, St. Louis, for appellant.

John Munson Morris, Atty. Gen. Office, Jefferson City, for respondent.

KELLY, Judge.

Arnold Butch Cole appeals from the dismissal of his motion to vacate the judgment of the Circuit Court of the City of St. Louis finding him guilty of one count of robbery in the first degree, § 569.020, RSMo 1978, and one count of carrying a concealed weapon, § 571.115, RSMo 1978, following a jury-waived trial. He was sentenced to the custody of the Missouri Department of Corrections for a period of seventeen years on the robbery count and five years on the carrying a concealed weapon count, said sentences to run concurrently. On appeal he raises one Point, i.e., that the trial court erred in denying him an evidentiary hearing on his motion to vacate pursuant to Rule 27.26, V.A.M.R. We affirm.[1]

On January 9, 1981, appellant was, after a Bench trial, found guilty of first degree robbery and carrying a concealed weapon in connection with the robbery of a Clark service station attendant in the City of St. Louis, Missouri, on the night of October 10, 1979. At trial he was represented by retained counsel, and prior to the commencement of trial his counsel presented a jury waiver form executed by the appellant. The following dialogue took place at that time:

> THE COURT: Let the record show that this is a trial in the matter of *State of Missouri v. Arnold Butch Cole.*
>
> Are there any announcements to be made at this time?

---

1. These convictions were affirmed on appeal, *State v. Cole,* 662 S.W.2d 297 (Mo.App.1983).

MR. BELL: Yes, Your Honor. I have a jury waive [sic] signed by Arnold Butch Cole upon my recommendation to try this case without a jury in view of the fact that the defense in this case is very technical. It's a technical defense, and probably the court will understand the defense much better than a jury would.

THE COURT: All right. Is that Mr. Cole seated at counsel table?

Mr. Bell: Yes.

THE COURT: Mr. Cole, you agreed to try this case as a jury-waived case?

THE DEFENDANT: Yes sir.

THE COURT: Do you understand that you would be entitled to a jury in this trial?

THE DEFENDANT: Yes, sir.

THE COURT: And you have agreed not to have a jury, is that correct?

THE DEFENDANT: Yes sir.

THE COURT: All right. The court will agree to that and consent to that."

■ To be entitled to an evidentiary hearing on a Rule 27.26 motion the movant must allege facts as distinguished from conclusions; these facts must raise matters not refuted by the record in the trial court; and the matters complained of must have resulted in some prejudice. *Perry v. State,* 565 S.W.2d 464, 465[1] (Mo.App.1978).

The only issue presented for review was that covered in Paragraph 2 of the July, 1984, amendment to appellant's motion, which states:

b. Movant was not informed of the meaning, incidents and benefits of a trial by jury or of the implications and consequences of waiver of trial by jury. *Burrage v. State,* 477 S.W.2d 118 (Mo.1972).
c. Movant was denied effective assistance of counsel in that Mr. Bell did not provide him with the information necessary to make an intelligent decision as to whether or not he wanted to waive a jury trial. Mr. Bell merely told movant that the Court would be better able to understand his "technical defense" and further that it would be more lenient if the State

were saved the expense and time of a jury trial.
d. Careful attention to insure that Movant understood his right to jury trial and the effect of waiver was especially necessary in this case since the record clearly indicates that Movant has a low IQ and was diagnosed as being mildly retarded with an IQ of 60. Trial transcript p. 109, line 102.

■ It is the responsibility of the appellant to establish that he has met the prerequisites for an evidentiary hearing by stating facts which demonstrate that he was wrongfully prejudiced and is therefore entitled to relief. He must also show that the facts he has alleged are not refuted by the trial record. Rule 27.26(f); *Perry v. State,* supra, at p. 464[1]. This court may only overturn the trial court if its decision that appellant was not entitled to an evidentiary hearing was clearly erroneous. Rule 27.26(j). A finding is clearly erroneous "only if a review of the entire record leaves this court with a definite and firm impression that a mistake has been made." *State v. Choate,* 588 S.W.2d 163, 164[2] (Mo.App.1979). That is not the case here.

Appellant's amended motion failed to allege any specific benefits he might have received had he been afforded a jury trial. It also failed to state the specific "implications" or "consequences" of waiving a jury trial of which he should have been informed and of which he was not.

The requirement that a criminal defendant be made aware of all of his rights does not contemplate "a necessity for the use of any specific terminology nor that an accused must have the same appreciation of such rights as do members of the legal profession." *Young v. State,* 473 S.W.2d 390, 393[3] (Mo.1971).

The fundamental question is whether appellant's decision to waive a jury trial was made knowingly and intelligently. *Young v. State,* supra, at p. 393[4].

In ruling on appellant's Rule 27.26 motion the trial court had before it the entire record of the proceedings in the underlying cause, including the minute entries of the

court that tried the case and the transcript of the evidence offered at the trial.

 We, too, have taken judicial notice of the record on appeal in *State v. Cole*, 662 S.W.2d 297 (Mo.App.1983). From the record on appeal in that case we have ascertained that the public defender filed a motion for appointment of a psychiatrist to examine appellant for a determination of whether he was suffering from a mental disease or defect so that he lacked the capacity to understand the proceedings or to assist in his defense and whether at the time of the alleged offense he was suffering from a mental disease or defect and as a result of said disease or defect, he did not know or appreciate the nature, quality or wrongfulness of the alleged conduct or was incapable of conforming his conduct to the requirements of law. This motion was sustained and appellant was ordered committed to Malcolm Bliss Medical Health Center for mental examination and evaluation.

A report and evaluation of appellant's mental condition was filed with the trial court and the public defender filed objections to the report, and shortly thereafter, withdrew from the case when retained trial counsel entered his appearance.

Appellant's objections to the report were sustained and an additional psychiatric examination pursuant to §§ 552.020 and 552.030 was ordered. This examination was conducted, a report of same filed, and when neither the State, appellant, nor his counsel contested the findings of the report, the trial court found the appellant had mental fitness to proceed.

An order was then entered authorizing Dr. Robert Williams, a clinical psychologist, who was going to testify as an expert in the case, to examine the appellant and conduct such tests as he might deem proper in the city jail. A report of this examination was filed with the trial court.

Subsequently, appellant's counsel filed a memorandum announcing to the court that he intended to rely on the defense that appellant was so intoxicated or drugged as to negate the existence of the mental state

of purpose or knowledge required for the offense as recognized in § 562.076.

At trial the appellant testified in his own defense and Dr. Williams, during the defendant's case, testified that although the appellant had an IQ of 60, "I'm convinced that Mr. Cole has an innate intellectual endowment higher than mentally retarded."

Based upon this record we are unable to conclude that the trial court erred in dismissing appellant's Rule 27.26 motion without an evidentiary hearing, and therefore affirm.

DOWD, P.J., and CRANDALL, J., concur.