**STATE of Missouri, Respondent,**

v.

**Thomas MOSLEY, Jr., Appellant.**

No. 51797.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 17, 1987.

Motion for Rehearing and/or Transfer Denied March 25, 1987.

Application to Transfer Denied May 19, 1987.

Deborah Lambdin Stockhausen, St. Louis, for appellant.

William L. Webster, Atty. Gen., Donna Richards-Crosswhite, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from convictions for second degree murder, § 565.021, RSMo (1978), and for armed criminal action, § 571.015, RSMo (1978). Defendant was sentenced, after a bench trial, to thirty years' imprisonment on the murder conviction and to ten years on the armed criminal action, said sentences to be served consecutively. We affirm.

The trial court found that on August 20, 1985, defendant purposefully caused the death of Jeffrey Pringle by shooting him. We need not detail the evidence supporting that finding because defendant does not now challenge the sufficiency of the evidence. As his sole point relied on, defendant asserts the trial court committed plain error in permitting him to waive his right to a jury trial when he did not sign a written memorandum waiving that right.

There was no plain error. Rule 30.20. The waiver was assented to by defendant in open court after an extensive examination by the trial judge, on the record, of defendant's decision to waive a jury trial. Defendant, however, asserts Rule 27.01(b) requires a written memorandum signed by defendant and his attorney, and he is thus entitled to a new trial because the record is devoid of such a memorandum.

The record before us includes four and a half transcript pages dealing with defendant's waiver of a jury. The court voir dired the defendant and exhaustively questioned him about the knowing, intelligent and voluntary nature of his waiver of a jury and the consequences of such an act. Before accepting the waiver, the court asked defendant: "I guess the degree and caution we all want to exercise is that you are knowingly making this choice and you understand the consequences of it. You feel like you are comfortable in doing that?" Defendant responded affirmatively. A three-day bench trial followed, at the end of which, in his closing argument, defendant's attorney referred back to defendant's waiver of a jury: "Now, Your Honor, we brought this case to you rather than a jury because we know that ... their [jurors'] emotions get all wrapped up." In its Findings, Verdict and Related Orders the trial court found "defendant with the assent of the court, ... waived a trial by jury.... The waiver by defendant was made in open court and entered of record." After an extensive voir dire and a reaffirmation of the choice in closing argument, defendant should not now be heard to impeach the waiver of a jury on the grounds of a lack of a written memorandum.

Rule 27.01(b), by its language, mandates "such waiver by the defendant shall be made in open court and entered of record." While a written waiver of a jury trial signed by the defendant is preferred, defendant has not cited us any authority for the proposition that "entered of record" requires a written memoranda signed by the defendant. *See Shannon v. State*, 491 S.W.2d 311, 312–13 [2] (Mo.1973) (questioning of defendant, by trial court, as to waiver of jury, supported finding, at Rule 27.26 proceeding, that defendant's waiver of a jury was sufficient); and *Brown v. State*, 512 S.W.2d 404, 406–7 [1] (Mo.App.1974) (record of trial court questioning defendant about waiving his right to a jury, combined with trial counsel's testimony, supported finding, at Rule 27.26 proceeding, that defendant's waiver of a jury was sufficient). *See also State v. Turnbough*, 604 S.W.2d 742, 746 [7] (Mo.App.1980) (failure of trial judge to sign defendant's written waiver of a jury did not invalidate that waiver).

Plain error review requires the defendant demonstrate error amounting to manifest injustice. *State v. Rogers*, 674 S.W.2d 608, 610 [3] (Mo.App.1984). Defendant failed to show manifest injustice resulted from the mere technical failure to have a written waiver on the record where the record amply demonstrates defendant's waiver of a jury was a voluntary, intentional and knowing strategic maneuver.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.