**STATE of Missouri, Respondent.**

v.

**Dennis McGREGORY, Appellant.**

**Dennis McGREGORY, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 65856, 67918.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 4, 1997.

Susan Kister, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Meghan J. Stephens, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Defendant, Dennis J. McGregory, appeals after judgment and sentencing on charges of robbery in the second degree, a violation of Section 569.030 RSMo 1986, and escape from custody, a violation of Section 575.200 RSMo 1986. The court tried, convicted and sentenced McGregory to serve twenty-five years

on the robbery charge and a concurrent five years on the escape from custody charge. McGregory also appeals denial of Rule 29.15 relief without an evidentiary hearing.

The state charged McGregory and a co-defendant under an accomplice liability theory. There was evidence to support findings that: (1) defendant and two other men attacked a woman as she was placing her daughter in a child's car-seat; (2) defendant assaulted the woman and told the accomplices to "get the car"; (3) the woman's purse was sitting on the front passenger seat of her car when she was attacked; (4) the three men were unable to locate the car keys; (5) before they ran away, one of the three men grabbed the woman's purse from the car; and, (6) when the co-defendant was later apprehended, he had the purse in his possession.

On direct appeal, defendant does not argue the state failed to offer evidence sufficient to support a finding on the escape charge. After his arrest defendant was handcuffed and placed in the back seat of a police car from which he escaped. The police apprehended him shortly thereafter, a few blocks away from the scene of his arrest.

■ Defendant argues one claim of error on direct appeal of the robbery sentence and one claim of error on appeal from denial of Rule 29.15 relief. He offers two arguments that there was insufficient evidence to support a finding that he aided and abetted his co-defendant in taking the purse. First, he acknowledges the assault and that there is an available inference that he did aid and abet in the purse snatching. However, he contends there is an equally valid inference that the co-defendant and third man were not his companions at the scene of the theft. Second, he argues there was no evidence to support a finding of accessory liability. These two arguments are inconsistent. There was evidence to support an inference that the three men acted together, particularly, defendant's statement directing someone to "get the car." Accordingly, his alternative argument of insufficient evidence is rejected.

■ We also reject the argument based on the "equally valid inference" doctrine. There is a factual dispute for the trier of fact to resolve where there are available opposing inferences based upon direct evidence. Our Supreme Court in *State v. Grim*, 854 S.W.2d 403 (Mo. banc 1993), abolished the circumstantial evidence rule regarding equal inferences with some exceptions. See, *State v. Hodge*, 927 S.W.2d 500, 502 (Mo.App. E.D. 1996). *Id.* at 414. The state's evidence need not exclude any reasonable theory of defendant's innocence. It is for the trier of fact to choose among reasonable constructions of the evidence, providing there is evidence sufficient to support a finding of all elements of the charged crime. The convictions and sentences are affirmed.

■ In search of relief from both sentences and a new trial, defendant alleged ineffective assistance of counsel in his Rule 29.15 motions. In a *pro se* motion, he alleged his trial attorney failed to prepare for trial by neglecting to study the police report. His amended motions, filed with the assistance of counsel, alleged his waiver of his right to a jury trial was not voluntary and not knowingly or intelligently made. He argues he "was compelled to waive his right to a jury trial in order to have time to talk to his attorney who admitted he had not discussed [movant's] case with him prior to trial." Defendant's argument on appeal is a repeat of the allegations in the amended motion.

We reject the claim of error. Before the trial, defendant acknowledged on two occasions, in open court, a willingness to waive a jury. Also, defendant does not dispute that: (1) he was present at the scene; (2) he attacked the woman whose purse was stolen; and, (3) his actions, including a direction to others to take the car, made possible the taking of the purse. On these facts, defendant's failure to allege and argue how he was prejudiced by his waiver of a jury is fatal, and his argument of error is without merit. The court found a knowing and intelligent waiver. We hold this finding was not clearly erroneous. Rule 29.15(k); *Murray v. State,*

775 S.W.2d 89, 90 (Mo. banc 1989). Point denied.

We affirm.

AHRENS, P.J., and CRANDALL, J., concur.