**David E. LUSTER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 56756.**

Missouri Court of Appeals,
Western District.

Jan. 18, 2000.

Susan L. Hogan, Dist. Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for Respondent.

Before: SMART, P.J., and ELLIS and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

David E. Luster appeals from the order of the circuit court denying his Rule 29.15 [1] motion for postconviction relief without an evidentiary hearing. The appellant was convicted in the Circuit Court of Jackson County after a trial before the court as a prior and persistent offender of one count of assault in the first degree, § 565.050,[2] for which he was sentenced to a term of fifteen years imprisonment in the Missouri Department of Corrections.

The appellant raises three points on appeal in which he claims that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because he alleged facts, not conclusions, which, if true, would entitle him to post-conviction relief and were not refuted by the record. In all three points, he contends that he alleged facts which were not refuted by the record and which demonstrated that the waiver of his constitutional right to a jury trial was not made knowingly, voluntarily and intelligently. In Point I, he claims that the motion court erred in denying his motion without an evidentiary hearing because the record did not refute the allegations of his motion that he received ineffective assistance of trial counsel in that his counsel, in waiving the appellant's constitutional right to a jury trial, did so: (1) without the appellant's informed consent; and (2) without ensuring that the trial court, in assenting to the waiver, as required by Rule 27.01(b), questioned the appellant on the record as to whether he understood his right to a jury trial and if so, whether he was knowingly, voluntarily and intelligently waiving it. In Points II and III, he makes the same underlying claim that he makes in the second subpoint of Point I, that the trial court failed to accept his waiver in accordance with Rule 27.01(b), but not in the context of receiving ineffective assistance of trial counsel. In Point II, he bases his claim of postconviction relief on the trial court's failure to comply with Rule 27.01(b) in assenting to the waiver of his right to a jury trial. In Point III, he claims he received ineffective assistance of appellate counsel for counsel's failure to raise on the direct appeal of his conviction the alleged error of the trial court asserted in Point II.

We affirm in part and reverse and remand in part.

### Facts

The sufficiency of the evidence to convict is not in dispute. As admitted at trial, the appellant, on the evening of February 11, 1997, severely beat the victim, Martha Elizabeth Norberg, by repeatedly hitting

---

1. All rule references are to the Missouri Rules of Criminal Procedure (1998), unless otherwise indicated.

2. All statutory references are to RSMo 1994, unless otherwise indicated.

her face with his fists. As a result of the beating, she was knocked unconscious. When she came to, the appellant began "snipping" a small pair of wire cutters at her, threatening to hit her again and kill her. He left the victim's house the next morning, at which time the police were called.

On March 4, 1997, the appellant was charged by information in the Circuit Court of Jackson County with the class B felony of assault in the first degree, § 565.050. On June 23, 1997, the information was amended to include an allegation that the appellant was a prior and persistent offender under § 558.016.

On June 30, 1997, the appellant's case was set to go to trial before a jury, with the Honorable Thomas C. Clark presiding. Prior to the trial commencing, the State's motion seeking approval of the court to admit evidence of prior acts of abuse by the appellant against the victim was taken up and heard. After the motion was sustained, over the objection of the defense, counsel for the appellant advised the court, on the record, that the appellant, who was present in the courtroom, wished to waive his right to a jury trial. The trial court did not question the appellant about the waiver, but ordered the case transferred to a visiting judge for trial.[3]

The case proceeded to trial without a jury before a visiting judge, the Honorable Charles H. Sloan, as senior judge, on July 1, 1997. The trial court did not conduct any inquiry as to the appellant's waiver of a jury trial. After hearing evidence, the court found the appellant guilty of the class B felony of assault in the first degree. He was subsequently sentenced as a prior and persistent offender to a term of fifteen years in the Missouri Department of Corrections.

The appellant filed a motion for a new trial which was overruled. He appealed his conviction to this court. We affirmed his conviction in *State v. Luster*, 967 S.W.2d 722 (Mo.App.1998).

On November 6, 1997, the appellant filed a *pro se* Rule 29.15 motion for postconviction relief, for appointment of counsel, and for an evidentiary hearing. On February 23, 1998, the trial court appointed counsel for the appellant, who moved for an extension of time to file an amended motion, which was sustained. On September 15, 1998, the appellant's amended motion was filed. In his amended motion, he alleged that he was entitled to postconviction relief because the waiver of his right to a jury trial was not knowingly, voluntarily and intelligently made because, with respect thereto, he received ineffective assistance of trial and appellate counsel, and the trial court erred in failing to accept the waiver in accordance with Rule 27.01(b).

On December 2, 1998, the motion court issued its findings of fact, conclusions of law, and order overruling the appellant's Rule 29.15 motion for postconviction relief without an evidentiary hearing.

This appeal follows.

## Standard of Review

■ Appellate review of a motion court's denial of a Rule 29.15 motion for postconviction relief is limited to a determination of whether the court's findings and conclusions issued in support thereof, as required by Rule 29.15(j), are clearly erroneous. Rule 29.15(k); *State v. Clay*, 975 S.W.2d 121, 140 (Mo. *banc* 1998), *cert. denied*, 525 U.S. 1085, 119 S.Ct. 834, 142 L.Ed.2d 690 (1999). Findings and conclusions are clearly erroneous only if, after a

---

3. In response to the waiver by defense counsel, the first trial judge stated:

> Well, I thank you for that offer [the waiver] and if you can find a judge to hear the case, then I'll transfer it. But, I think – I think under the law, I have a right to not hear a case as judge and fact finder. And, I've done that in the past and everyone's been unhappy with it. So, I'm not going to do it again. So it's going to be adjudged by a jury or it's going to be judged by a jury or by another judge. And if that's what you choose to do, then that's fine with me.

review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Clay,* 975 S.W.2d at 140.

### I.

In Point I, the appellant claims that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because the record does not refute the allegations of his motion that he received ineffective assistance of trial counsel. Specifically, he claims that his trial counsel was ineffective in waiving his constitutional right to a jury trial because he did so: (1) without the appellant's informed consent; and (2) without ensuring that the trial court, in assenting to the waiver, as required by Rule 27.01(b), questioned the appellant on the record as to whether he understood his right to a jury trial and, if so, whether he was knowingly, voluntarily and intelligently waiving it.

 To be entitled to an evidentiary hearing on a motion for postconviction relief, the movant must meet three requirements: (1) his motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not conclusively refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *State v. Driver,* 912 S.W.2d 52, 55 (Mo. *banc* 1995). "If the court determines that the motions, files, and records of the case conclusively show that the movant is not entitled to relief, a hearing will not be held." *Id.*

 In order to prevail on a claim of ineffective assistance of counsel, as claimed by the appellant in Point I, a movant must satisfy the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984), requiring proof by a preponderance of the evidence that: (1) his or her counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances; and (2) he or she was prejudiced as a result. *State v. Simmons,* 955 S.W.2d 729, 746 (Mo. *banc* 1997), *cert. denied,* 522 U.S. 1129, 118 S.Ct. 1081, 140 L.Ed.2d 138 (1998). If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and the movant's claim of ineffective assistance of counsel must fail. *Id.* To satisfy the performance prong, the movant "must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Id.* To satisfy the prejudice prong, a movant "must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

 A criminal defendant in this state has both a federal and state constitutional right to have a jury decide his or her guilt or innocence. U.S. Const. amend. VI & XIV; Mo. Const. art. I, § 22(a). With respect to this right, Rule 27.01 provides:

> **(a)** All issues of fact in any criminal case shall be tried by a jury to be selected, summoned and returned in the manner prescribed by law, unless trial by jury be waived as provided in the Rule.
>
> **(b)** The defendant may, with the assent of the court, waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury. In felony cases such waiver by the defendant shall be made in open court and entered of record.

Thus, under Rule 27.01(b), a criminal defendant may waive the right to a jury trial, but only with the assent of the trial court. *State v. Bibb,* 702 S.W.2d 462, 466 (Mo. *banc* 1985). The requirement in the rule that the waiver, in cases of felonies, must be "in open court and entered of record," does not require that it be in writing, although it is preferred. *State v. Mosley,* 728 S.W.2d 237, 238 (Mo.App.1987); *Shan-*

*non v. State,* 491 S.W.2d 311, 312–13 (Mo. 1973). However, such waiver must be voluntarily, knowingly and intelligently made, *State v. Sharp,* 533 S.W.2d 601, 605 (Mo. banc 1976) (*citing Patton v. United States,* 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930)); *Hodge v. State,* 749 S.W.2d 423, 426 (Mo.App.1988), and, along with the assent of the trial court thereto, " 'must appear from the record with unmistakable clarity.' " *State v. Rulo,* 976 S.W.2d 650, 651 (Mo.App.1998) (*quoting Bibb,* 702 S.W.2d at 466)). Logically, the purpose of the rule is to ensure that the defendant's waiver is not allowed until the trial court is satisfied that the waiver is knowingly, voluntarily and intelligently made. Although acquiescence, under certain circumstances, can constitute a waiver of a fundamental right, acquiescence cannot be presumed, and every reasonable presumption against waiver should be indulged by the court. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938).

## A. Alleged Failure of Trial Counsel to Obtain the Informed Consent of the Appellant to Waive his Constitutional Right to a Jury Trial

With respect to his first assertion of ineffective assistance of trial counsel, that his counsel failed to obtain his informed consent to waive a jury trial, the appellant alleged in his amended motion that his counsel failed to explain to him that he had a constitutional right to demand a jury trial and that the right was his and his alone to waive. He further alleged that he never consented to waive his right to a jury trial and that he would not have waived his right under the circumstances, but would have proceeded to a trial by jury. He also alleged that "[a]t some point before trial, trial counsel Donald L. Williams decided to waive [his] right to a jury trial and try the case to the court" and that on the morning of the trial he was told by counsel that the trial court had decided the case would be tried to the court and that "he believed he could 'beat the case' trying it in front of the judge."

As to these allegations, the motion court found, as contended by the State at the motion hearing and on appeal, that the record reflected that the appellant was aware of his right to a jury trial and that he had knowingly, voluntarily and intelligently waived it. In support of the same, the motion court relied on the fact that the appellant was present in open court when his trial counsel waived the appellant's right to a jury trial and did not object. The motion court and the State attached significance to the fact that the waiver by counsel occurred only after the parties appeared for a jury trial and the defense lost on its attempt to prevent the State from mentioning at trial the appellant's prior acts of abuse against the victim. In this respect, they focused on the waiver on the record by the appellant's trial counsel: "May it please the Court, Your Honor, in light of that [the ruling of the court with respect to the prior bad acts]? ... The [appellant] wishes to announce that he is waiving his right to a trial by jury and wishes to proceed in trial before this court."

To satisfy the performance prong of the *Strickland* test, so as to be entitled to an evidentiary hearing on this claim of ineffective assistance of trial counsel, the appellant was required to allege facts, not conclusions, which were not refuted by the record and demonstrated that his trial counsel, before waiving the appellant's right to a jury trial, was required, but failed, to advise him of this right and obtain his voluntary consent to waive it. Although in advising the appellant of his right to a jury trial, his trial counsel was not required to use any specific terminology or insure that he had the same appreciation of such right as a member of the legal profession, *Cole v. State,* 690 S.W.2d 195, 197 (Mo.App.1985) (*citing Young v. State,* 473 S.W.2d 390, 393 (Mo.1971)), he did have an obligation to explain the right to reasonably insure that the appellant had an "awareness of the meaning, incidents and benefits of a trial by jury and the

implications and consequences of waiver of the right." *Burrage v. State,* 477 S.W.2d 118, 120 (Mo.1972).

■ After reviewing the record here, *sans* an evidentiary hearing, we find insufficient evidence from which to conclude "with unmistakable clarity" that the appellant was advised by his trial counsel of his right to a jury trial and that he knowingly, voluntarily and intelligently waived the same. In this respect, the record reflects that, although his trial counsel waived the right to a jury trial, the appellant never expressly waived, on the record, his right, either in writing or orally. Further, the record reflects that at no time did the appellant's trial counsel or the trial court question the appellant on the record about his understanding of his right to a jury trial and whether he was knowingly, voluntarily and intelligently waiving his right. As such, the record does not, with unmistakable clarity, refute the allegations of the appellant's motion as to the performance prong of the *Strickland* test concerning counsel's failure to advise him of his right to a jury trial. This would entitle the appellant to an evidentiary hearing on this claim of ineffective assistance of trial counsel, requiring us to reverse and remand for this purpose, provided, of course, that on the facts alleged in his motion, which were not refuted by the record, he could also satisfy the second prong of the test, the prejudice prong.

■ To satisfy the prejudice prong of the *Strickland* test as to this claim of ineffective assistance of trial counsel, the appellant was required to allege facts, which were not refuted by the record and which demonstrated that had he been adequately informed by trial counsel of his right to a jury trial, he would have insisted on having his guilt or innocence determined by a jury, rather than the trial court. With respect to such prejudice, the United States Supreme Court in *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), recognizing the clear command of the Sixth Amendment to af-

ford jury trials in serious criminal cases, stated: "Where that right [to a jury trial] is altogether denied, the State cannot contend that the deprivation was harmless because the evidence established the defendant's guilt; the error in such a case is that the wrong entity judged the defendant guilty." *Rose,* 478 U.S. at 578, 106 S.Ct. at 3106, 92 L.Ed.2d at 471; *see Rulo,* 976 S.W.2d at 653 (*quoting Rose favorably* ). Thus, assuming, *arguendo,* that the appellant was not advised by his trial counsel of his right to a jury trial and did not waive his right, prejudice would result, regardless of the evidence in the record to establish his guilt.

The State cites three decisions of the Eastern District, *Cole v. State,* 690 S.W.2d 195 (Mo.App.1985), *State v. Mosley,* 728 S.W.2d 237 (Mo.App.1987), and *State v. McGregory,* 955 S.W.2d 227 (Mo.App. 1997), for the general proposition that a postconviction relief movant relying on a claim that he did not knowingly, voluntarily and intelligently waive his or her right to a jury trial must allege and demonstrate some prejudice other than the fact his or her guilt was decided by the court, rather than a jury. The State's reliance on these decisions is misplaced.

In *Cole,* the defendant, after convictions for first degree robbery and carrying a concealed weapon, sought postconviction relief, claiming that his *written* waiver of a jury trial was uninformed in that his trial counsel failed to inform him "of the meaning, incidents and benefits of a trial by jury or of the implications and consequences of waiver of trial by jury." *Cole,* 690 S.W.2d at 197. The motion court denied his motion without an evidentiary hearing, the exact rationale for which is unclear. The court alluded to the fact that the defendant's motion failed to allege the specific benefits he would have received if he had gone to a jury trial, and what specific implications and consequences of a waiver he should have been, but was not, advised of. *Id.* However, it appears that it did not rest its decision on that basis, but

rather on the basis that the record supported a finding that the defendant's waiver was made knowingly and intelligently. *Id.* at 197–98. In any event, we find *Cole* to be distinguishable and non-controlling here. In *Cole*, unlike here, there was no question as to whether the defendant had been advised of his right to a jury trial and had consented to a waiver of the same in that he executed a written waiver to that effect. Further, other than its reliance on the written waiver, there was no explanation by the *Cole* court as to how the portion of the record cited in the opinion supported a finding that the defendant's waiver was knowingly and intelligently made.

In *Mosley*, the defendant was convicted of second degree murder and armed criminal action after a trial before the court. *Mosley*, 728 S.W.2d at 237. In his direct appeal, he claimed, *inter alia*, that his waiver of a jury trial violated Rule 27.01(b) because there was no written waiver. *Id.* at 238. He did not challenge the waiver on any other basis. In affirming his convictions, the appellate court stated: "Defendant failed to show manifest injustice resulted from the mere technical failure to have a written waiver on the record where the record amply demonstrates defendant's waiver of a jury was a voluntary, intentional and knowing strategic maneuver." *Id.* In this respect, the court noted that:

> The record before us includes four and a half transcript pages dealing with defendant's waiver of a jury. The court voir dired the defendant and exhaustively questioned him about the knowing, intelligent and voluntary nature of his waiver of a jury and the consequences of such an act. Before accepting the waiver, the court asked defendant: "I guess the degree and caution we all want to exercise is that you are knowingly making this choice and you understand the consequences of it. You feel like you are comfortable in doing that?" Defendant responded affirmatively.

*Id.* Our case is obviously not the *Mosley* case. First, unlike here, there was an express waiver by the *defendant*, not his trial counsel, on the record, just not in writing, as preferred by our Missouri Supreme Court. *Id.* Second, in this case, unlike in *Mosley*, neither the first trial judge assigned to the case, who recused after the appellant's trial counsel waived his right to a jury trial, nor the trial judge who actually tried the case, ever questioned the appellant about the waiver of a jury.

In *McGregory*, the defendant was seeking, *inter alia*, postconviction relief from his judge-tried convictions for robbery in the second degree and escape from custody, for alleged ineffective assistance of counsel. *McGregory*, 955 S.W.2d at 227–28. He claimed that his trial counsel was ineffective in that he was compelled, against his wishes, to waive his right to a jury trial in order to have time to talk to counsel prior to trial commencing. The defendant's motion was denied without an evidentiary hearing and he appealed. *Id.* at 228. On appeal, the court affirmed on the basis that the record reflected that, unlike here, the defendant had "acknowledged on two occasions, in open court, a willingness to waive a jury." *Id.* As such, as to this basis for denying the defendant's motion for postconviction relief, *McGregory* has no application to our case.

In addition to relying on the defendant's waiver in open court in affirming the denial of his motion for postconviction relief, the *McGregory* court also affirmed on the basis that he failed to allege prejudice as to his waiver, noting that the record reflected that he did not dispute at trial the conduct for which he was convicted. *Id.* at 228. In support of this, the court did not cite any authority and did not set forth any rationale as to why the undisputed conduct of the defendant precluded him from claiming prejudice to support his claim of ineffective assistance of counsel as to his waiver of a jury trial. As to whether prejudice can be shown where the conduct

charged is undisputed, we believe that is only relevant in a challenge to the Rule 27.01(b) procedure employed by the trial court in assenting to the defendant's waiver, which we discuss in the second subpoint of this point, *infra*. In any event, in our view, the court's holding in *McGregory,* based on a lack of prejudice, is contrary to the U.S. Supreme Court's decision in *Rose,* discussed, *supra*.

Based on the record and controlling authority cited and discussed, *supra,* we find that the motion court's findings and conclusions, in denying the appellant's Rule 29.15 motion for postconviction relief without an evidentiary hearing for ineffective assistance of trial counsel for counsel's failure to advise the appellant of his right to a jury trial and obtain his informed consent to waive the same, are clearly erroneous, requiring us to reverse and remand for an evidentiary hearing on this issue.

### B. Failure of Trial Counsel to Insure that the Trial Court Conducted a Rule 27.01(b) Inquiry before Assenting to a Waiver of Jury Trial by the Appellant

In the second subpoint of his Point I, the appellant contends that his trial counsel also was ineffective for failing to insure that the trial court, in assenting to a waiver of a jury trial, conducted a Rule 27.01(b) inquiry sufficient to insure that his waiver was knowingly, voluntarily and intelligently made. Logically, the resolution of this claim turns on what occurs on remand as to whether the appellant was advised by trial counsel of his right to a jury trial and consented to a waiver of the same. This is so in that if the motion court finds on remand that he was not so advised or that he did not consent to the waiver, then the appellant would be entitled to postconviction relief in the form of a new trial, and this issue would never be reached. However, if the motion court finds to the contrary, the question would then arise as to whether the appellant's trial counsel was ineffective for failing to insure that the

trial court complied with Rule 27.01(b) in assenting to the waiver of a jury trial. As such, because there is the possibility that the issue in this subpoint will be raised on remand, we will address it here. *State v. O'Brien,* 857 S.W.2d 212, 215 (Mo. *banc* 1993).

As noted, *supra,* the record is void of any "acceptance" by the trial court, pursuant to Rule 27.01(b), of the waiver of a jury trial by appellant's trial counsel. From the record, the "waiver" by trial counsel occurred before the first trial judge, who made no inquiry whatsoever as to whether the appellant understood his right to waive a jury trial and whether his waiver was knowingly, voluntarily and intelligently made. As to the second judge, he also made no inquiry, apparently assuming that the first trial judge had assented to the waiver, as required by Rule 27.01(b). Despite the fact that there was never any acceptance of the waiver of a jury trial by the trial court, as required by Rule 27.01(b), the appellant would still not be entitled to postconviction relief on the basis that the trial court erred in the manner in which it "accepted" his waiver and trial counsel failed to prevent it, because he cannot demonstrate prejudice from counsel's failure. *State v. Hatton,* 918 S.W.2d 790, 795 (Mo. *banc* 1996); *Rulo,* 976 S.W.2d at 652–53.

In *State v. Hatton,* 918 S.W.2d 790 (Mo. *banc* 1996), the Missouri Supreme Court was faced with the issue of whether the inquiry of the trial court was sufficient to satisfy the requirements of Rule 27.01(b) with respect to the issue of the defendant's waiver of a right to a jury trial being knowingly, voluntarily and intelligently made. *Id.* at 795. There, the defendant attacked on direct appeal his judge-tried conviction for distributing a controlled substance within 1,000 feet of real property comprising public housing. *Id.* at 791–92. The court, in affirming the defendant's conviction, held that, even assuming that the "trial court should have conducted a more thorough examination to determine

[the defendant's] understanding of his waiver of his right to a trial by jury," there was no reversible error because the defendant could not demonstrate prejudice. *Id.* at 795. In holding that he could not demonstrate prejudice, the court first recognized that the defendant, unlike in our case, was "not argu[ing] that he waived his right to a jury trial involuntarily," or that he "intended to exercise his right to a jury trial despite his attorney's contrary statement." *Id.* Excluding this issue from consideration, the court then determined that even if the trial court's examination in assenting to trial counsel's waiver of a jury trial was deficient as claimed, the defendant could not demonstrate prejudice therefrom to establish reversible error where the record reflected that he was present in court when his attorney waived the right to a jury trial and did not object and admitted at trial to the conduct forming the basis of the charge against him. *Id.* Thus, if the motion court here were to find on remand that the appellant was advised by his trial counsel of his right to a jury trial and voluntarily waived the same, the fact the trial court did not conduct a proper Rule 27.01(b) inquiry would not entitle him to postconviction relief if the record reflected that he was present in court when the waiver by his trial counsel occurred and did not object, and he admitted to the conduct with which he was charged.

The record reflects that the appellant was present in court when his trial counsel announced an intention to waive a jury trial and did not object. The record also reflects that he went to trial before the court without a jury on a charge of the class B felony of assault in the first degree, in violation of § 565.050, which provides:

1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.

2. Assault in the first degree is a class B felony unless in the course thereof the actor inflicts serious physical injury on the victim in which case it is a class A felony.

The amended information alleged that the appellant attempted to kill or cause serious physical injury to the victim by repeatedly beating her in the face with his fists. At trial, the appellant admitted to the alleged conduct, but nonetheless claimed he was not guilty because he did not have the necessary intent to commit the crime of first degree assault because, in beating her, he was not attempting to kill or cause serious physical injury to her. In this regard, the appellant testified:

Q. Now, Mr. Luster, I call your attention to February 11th, 1997, do you recall that day?

A. Yeah.

Q. That's the day it is you [sic] that you attempted to kill or cause serious physical injury?

A. Yes.

Q. Did you attempt to kill the complainant?

A. No, sir.

Q. Did you attempt to cause her serious physical injury?

A. No, sir.

Q. You admit that you struck her?

A. Yeah, I admit it.

. . .

Q. On the day of this incident, you are not saying it was an accident, are you?

A. No, I'm not saying it was an accident.

Q. We are not saying it was self-defense?

A. I'm not saying it was self-defense, well, I can't say that. I mean in a way it was, in a way it wasn't. I believe I shouldn't have hit her.

Thus, given the record, unless the appellant can show on remand that he was not advised by trial counsel of his right to a jury trial or that he did not voluntarily

waive it, the fact the trial court did not assent to the waiver by trial counsel in accordance with Rule 27.01(b) and counsel did not bring this fact to the attention of the court would not result in any prejudice requiring postconviction relief.

## II.

 In his second point, the appellant essentially makes the same claim he makes in his second subpoint in Point I, *supra*, but casts it in terms of trial court error as entitling him to postconviction relief. The claim is without merit in two respects. First, as discussed, *supra*, in resolving the second subpoint of Point I, the appellant, under the circumstances, cannot demonstrate prejudice from the trial court's failure to conduct a proper Rule 27.01(b) examination. Second, his claim, couched in terms of trial error, is not cognizable in a Rule 29.15 motion for postconviction relief. Rule 29.15(a); *Poole v. State*, 825 S.W.2d 669, 672 (Mo.App.1992). Hence, we cannot say that the motion court's findings and conclusions that the record refuted the appellant's claim that the trial court's error in assenting to a waiver of a jury trial entitled him to postconviction relief were clearly erroneous.

*Point denied.*

## III.

 In his third and final point, the appellant simply recasts his claim, that the trial court erred in failing to conduct a proper Rule 27.01(b) examination, in terms of ineffective assistance of appellate counsel, contending that his counsel should have raised the alleged error of the trial court in his direct appeal. Given our discussion, *supra*, that the appellant could not demonstrate prejudice from the alleged error of the trial court in failing to properly accept his waiver pursuant to Rule 27.0l(b), the fact that his appellate counsel failed to raise it as error on appeal would not entitle him to postconviction relief in that we will not convict counsel of being ineffective if the alleged failed act would have been

futile. *Redeemer v. State*, 979 S.W.2d 565, 572 (Mo.App.1998). Thus, we cannot say that the motion court's findings and conclusions that the record refuted the appellant's claim of ineffective assistance of appellate counsel were clearly erroneous.

Point denied.

## Conclusion

The order of the motion court denying the appellant's Rule 29.15 motion without an evidentiary hearing is affirmed with respect to all issues raised on appeal, except the issue of whether his trial counsel was ineffective for failing to advise him of his right to a jury trial and obtaining his consent before waiving the right. As to this issue, the motion court's order is reversed and the cause is remanded to it for the purpose of conducting an evidentiary hearing thereon in accordance with this opinion.

SMART, P.J., and ELLIS, J., concur.