Christopher L. **GRAY**, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. SD 29810.**

Missouri Court of Appeals,
Southern District,
Division One.

July 6, 2010.

Motion for Rehearing or Transfer Denied
July 27, 2010.

Application for Transfer Denied
Sept. 21, 2010.

---

Michael A. Gross, St. Louis, for Appellant.

Chris Koster, Atty. Gen. and Daniel N. McPherson, Jefferson City, for Respondent.

ROBERT S. BARNEY, Judge.

Christopher L. Gray ("Movant") appeals the motion court's denial without an evidentiary hearing of his "Motion to Vacate, Set Aside, or Correct the Judgment or Sentence" filed pursuant to Rule 29.15.[1] He raises one point of motion court error centering on allegations of ineffective assistance of counsel.

The record reveals Movant was charged in three separate "FELONY INFORMATION[S]" with the following crimes: one count of the class A felony of sexual exploitation of a child, a violation of section 573.023,[2] for "knowingly videotap[ing] and creat[ing] obscene material and child pornography with ... K.G. ...," an eleven-year-old female child; five counts of the felony of statutory sodomy in the first degree, a violation of section 566.062, for having deviate sexual intercourse with K.G.; one count of the felony of statutory rape in the first degree, a violation of section 566.032, for engaging in sexual intercourse with K.G.; one count of the felony of statutory rape in the first degree, a violation of section 566.032, for engaging in sexual intercourse with A.G., a six-year-old female child; and one count of the felony of statutory sodomy in the first degree, a violation of section 566.062, for engaging in deviate sexual intercourse with A.G.[3] The aforementioned nine counts were consolidated for purposes of trial.

A bench trial was held in this matter on February 21, 2006. Following trial, the trial court found Movant guilty of all nine counts charged. He was then sentenced to thirty years imprisonment on the sexual exploitation of a minor charge; thirty years imprisonment on three of the statutory sodomy charges relating to K.G.; life imprisonment on two of the statutory sodomy charges relating to K.G.; thirty years imprisonment on the statutory rape charge relating to K.G.; thirty years imprisonment on the statutory rape charge relating to A.G.; and ten years imprisonment on the statutory sodomy charge relating to A.G. The trial court further ruled that with the exception of the ten year sentence for the statutory sodomy of A.G., which was to run concurrent to the other sentences, all of the sentences were to run consecutively.

In his direct appeal to this Court, Movant's conviction for the sexual exploitation of K.G. was affirmed; however, the other eight convictions were reversed and remanded for a new trial.[4] *See Gray*, 230 S.W.3d at 621.

Movant filed his *pro se* Rule 29.15 motion on December 21, 2007. Although the docket entry reflects that Movant had private counsel, it appears that his counsel did not file an amended Rule 29.15 motion. The motion court denied Movant's request for an evidentiary hearing and issued its findings and judgment on April 13, 2009. This appeal by Movant followed.

Movant maintains the following errors relating to his counsel's performance in his single point on appeal:

(1) his trial attorney consented to the consolidation of three separate cases for trial and persuaded him to waive his right to trial by jury, (2) counsel was aware that the prosecution would pr

---

1. All rule references are to Missouri Court Rules (2009).

2. Unless otherwise stated, all statutory references are to RSMo 2000.

3. The record reveals that K.G. and A.G. were the adopted daughters of Movant. There is

no need for this Court to again recite the details of the crimes charged above. A full recitation of the facts can be found in *State Gray*, 230 S.W.3d 613 (Mo.App.2007).

4. This Court has no knowledge as to whether a second trial was held in this matter.

pound evidence of DNA analyses pertinent to charges alleged in only two of the consolidated cases, (3) absent the prejudicial influence of the DNA evidence, the [State's] proof with respect to the sole charge in the remaining case was not likely to persuade a jury of his guilt beyond a reasonable doubt, and (4) he was found guilty in the third consolidated case and sentenced to imprisonment for 30 years.

As best we discern Movant's point relied on in conjunction with the argument portion of the brief, Movant is asserting ineffective assistance of counsel centering on (a) counsel's consent to the consolidation of three separate cases for trial wherein counsel should have been or was aware that DNA evidence relevant and pertinent to only statutory rape and statutory sodomy charges would have a prejudicial spillover effect on the charge of sexual exploitation of a minor; and (b) counsel gave him ineffective assistance by advising Movant to waive his right to trial by jury, all of which led to his conviction.

Appellate review of a motion court's ruling on a Rule 29.15 motion for postconviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law issued in support thereof are clearly erroneous. Rule 29.15(k); *see Moss v. State,* 10 S.W.3d 508, 511 (Mo. banc 2000). "The findings of the motion court are presumptively valid." *Fry v. State,* 244 S.W.3d 284, 285 (Mo.App.2008). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the appellate court is left with the definite impression that a mistake has been made." *State v. Taylor,* 944 S.W.2d 925, 938 (Mo. banc 1997).

When the basis for relief is ineffective assistance of counsel, the movant is entitled to an evidentiary hearing if the movant 'alleges facts, not refuted by the record, showing that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that movant was thereby prejudiced.'

*Kuehne v. State,* 107 S.W.3d 285, 292 (Mo. App.2003) (quoting *State v. Brooks,* 960 S.W.2d 479, 497 (Mo. banc 1997)). To prevail on a claim of ineffective assistance of counsel, Movant must establish by a preponderance of the evidence that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby. *State v. Simmons,* 955 S.W.2d 729, 746 (Mo. banc 1997); *see Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To satisfy the performance prong, Movant "must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment." *Simmons,* 955 S.W.2d at 746. Prejudice exists where there is a reasonable probability that the outcome of the proceeding would have been different but for counsel's ineffectiveness. *Id.* If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and Movant's claim of ineffective assistance of counsel must fail. *Id.* Furthermore, a motion court is not required to grant an evidentiary hearing if " 'the motion and the files and records of the case conclusively show that the movant is entitled to no relief.' " *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997) (quoting Rule 24.035(h)).

For ease of analysis we first address Movant's allegation that his trial counsel was ineffective for persuading him "to waive his right to trial by jury...."

It has long been held that "[a] criminal defendant ... has both a federal and state constitutional right to have a jury decide his or her guilt or innocence;" however, under Rule 27.01(b) a defendant may waive his right to a jury trial with the assent of the trial court. *Luster v. State*, 10 S.W.3d 205, 210 (Mo.App.2000). "The requirement in the rule that the waiver, in cases of felonies, must be 'in open court and entered of record,' does not require that it be in writing, although it is preferred." [5] *Id.* (quoting *State v. Mosley*, 728 S.W.2d 237, 238 (Mo.App.1987)).

> To satisfy the performance prong of the *Strickland* test, so as to be entitled to an evidentiary hearing on this claim of ineffective assistance of trial counsel, the [movant] was required to allege facts, not conclusions, which were not refuted by the record and demonstrated that his trial counsel, before waiving the [movant's] right to a jury trial, was required, but failed, *to advise him of this right and obtain his voluntary consent to waive it.* Although in advising the [movant] of his right to a jury trial, his trial counsel was not required to use any specific terminology or insure that he had the same appreciation of such right as a member of the legal profession, he did have an obligation to explain the right to reasonably insure that the [movant] had an 'awareness of the meaning, incidents and benefits of a trial by jury and the implications and consequences of waiver of the right.'

*Id.* at 211–12 (quoting *Burrage v. State*, 477 S.W.2d 118, 120 (Mo.1972)) (internal citations omitted).

Here, Movant stated in his Rule 29.15 motion that he was persuaded by his trial counsel to waive his right to a jury trial despite the fact that Movant "did not fully understand the potential benefits of trial before lay jurors as opposed to trial before a judge and [he] did not feel free to insist upon trial by jury." Accordingly, he argued his jury trial waiver was "not knowing and voluntary." [6] We observe that six pages of the trial transcript were devoted to Movant's waiver of his right to counsel, and the trial court extensively examined Movant as to the rights he would relinquish by waiving a jury trial. Movant also denied having been threatened or promised anything in exchange for waiving his jury trial. Additionally, Movant stated that he "want[ed] to waive the jury on [his] own free will and [he] underst[ood] and [was] fine with that." Lastly, just before the trial court returned its verdict, it asked Movant about his trial counsel's performance. Movant responded he was satisfied with his trial counsel's representation and also stated that he "did a fine job." As the State correctly points out in its brief and as we now hold, similar claims of ineffective assistance of counsel have been rejected by the motion court when the trial transcript reflects, as it does in this case, that Movant appeared in open court and expressed his desire to waive a jury trial.

5. We note a written and signed waiver of jury trial was filed in the present matter and Movant also made a verbal waiver in open court. *See State v. Britt*, 286 S.W.3d 859, 861–62 (Mo.App.2009).

6. Movant's point relied on takes no issue with whether his waiver was knowing or voluntary. While Movant does raise the knowing and voluntary issue in the *argument* portion of his brief, it has long been held that this Court only considers arguments set out in the points relied on and we do not consider those arguments raised only in the argument portion of a brief. *Helmig v. State*, 42 S.W.3d 658, 666 (Mo.App.2001). "Our review of issues is limited to errors contained in the [p]oints [r]elied [o]n." *Id.* at 668 n. 3; *see* Rule 84.04(e). Despite the foregoing malady and the multifarious nature of his point relied on, we have chosen to review his point relied on *ex gratia.*

*See State v. McGregory,* 955 S.W.2d 227, 228 (Mo.App.1997). Our review of the record clearly shows that he waived his right to a jury trial voluntarily, knowingly and intelligently. *Britt,* 286 S.W.3d at 864.

■ Movant next argues that his trial counsel was ineffective for consenting to the "consolidation of three separate cases for trial ..." because the DNA evidence introduced by the State in relation to two of the three cases against him unfairly prejudiced the factfinder in relation to the third case which involved allegations of sexual exploitation of a minor. He asserts that his counsel's decision to consolidate the cases resulted in him being convicted of the sexual exploitation charge.

Here, on November 4, 2005, at a pretrial hearing, the State made a verbal motion to consolidate the three cases against Movant for the purposes of trial. The trial court noted in its docket sheet that it was ordering the "causes tried simultaneously and as related cases. Parties agree to said entry." In his Rule 29.15 motion, Movant then alleged ineffective assistance of counsel because trial counsel failed

> to secure a separate trial of the charge of sexual exploitation of a minor ... in view of the existence and ultimate introduction of DNA evidence that would constitute compelling proof of the statutory rape and statutory sodomy charges but would have no relevance to the sexual exploitation of a minor charge and would be likely to influence the deliberation of the factfinder with respect to the latter charge.

In denying this claim, the motion court found that Movant's allegation

> is purely speculation and not based on facts. He wishes the [motion court] to believe that if not for the other charges (and the DNA evidence) he would not have been convicted of sexual exploitation of a minor. [Movant] seems to forget the overwhelming evidence against him. All charges involved the same victim and witnesses. [Trial counsel] spoke with Movant regarding the State's Motion to Consolidate and a letter was sent to the [trial court] by [trial counsel] on November 8, 2005[,] stating that as well as the decision not to object. Movant has fail[ed] to establish that [trial counsel] failed to exercise the customary skill and diligence that a reasonable competent attorney would exercise under similar circumstances.... Movant fails to prove he was prejudiced, he merely speculates and forms conclusions without providing this [c]ourt any evidence to support his position.

■ We agree with the reasoning espoused by the motion court. " 'A trial court may, in its discretion and despite the objection of the defendant, consolidate for trial several indictments or informations against the same accused.' " *State v. Howton,* 890 S.W.2d 740, 744 (Mo.App. 1995) (quoting *State v. Anderson,* 785 S.W.2d 299, 304 (Mo.App.1990)). "To determine whether such joinder is permissible, the court should engage in the same inquiry as it would in a challenge to the joinder of several counts into a single information." *Id.* "According to Rule 23.05 [7] [1] and [section] 545.140.2 ...,[8] two or more

**7.** Rule 23.05 sets out that

[a]ll offenses that are of the same or similar character or based on two or more acts that are part of the same transaction or on two or more acts or transactions that are connected or that constitute parts of a common scheme or plan may be charged in the same

indictment or information in separate counts.

**8.** Section 545.140.2 states:

[n]otwithstanding ... [R]ule 24.07, two or more offenses may be charged in the same indictment or information in a separate

crimes may be charged in the same indictment or information if all offenses are 'of the same or similar character.'" *Id.* "Also to be considered is the possibility of confusion or unfair prejudice resulting from the consolidation." *Anderson*, 785 S.W.2d at 305.

Under *Howton*, 890 S.W.2d at 744, and *Anderson*, 785 S.W.2d at 304–05, the charges here were all sexual offenses committed by Movant against two minor females with the majority of the charges being against the same female; the charges all stemmed from a similar time period; and the facts alleged were similar in nature such that the trial court did not abuse its discretion in permitting consolidation. With that being said, Movant here fails to allege in his brief that the trial court abused its discretion in making the ruling or that his trial counsel would have been successful in making an objection to the State's motion to consolidate. *See Williams v. State*, 205 S.W.3d 300, 305 (Mo.App.2006) (holding that it has long been held that a trial counsel's failure to make a non-meritorious objection is not ineffective assistance of counsel). Movant, instead, focuses his attention on his argument that the consolidation was prejudicial because the DNA evidence *might* have unduly influenced the factfinder in relation to the sexual exploitation charge. Additionally, as already stated, this was not a jury trial. This matter was tried before the trial court which is presumed to not be "confused or misled by any allegedly irrelevant ... evidence unless the record clearly demonstrates that the trial court considered and relied upon the inadmissible evidence." *State v. Elliott*, 271 S.W.3d 604, 607 (Mo.App.2007). Additionally, it is of note that in the direct appeal in this

count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the same or similar character or are

case it was specifically found by this Court that the DNA evidence had no effect on the verdict in relation to the sexual exploitation charge. *Gray*, 230 S.W.3d at 619. Movant has again failed to plead facts unrefuted by the record and has not proven he was entitled to relief. *See Coates*, 939 S.W.2d at 914–15. The motion court did not err in denying Movant's Rule 29.15 motion without an evidentiary hearing. Point denied.

The motion court's findings of fact and conclusions of law are affirmed.

BATES, P.J., and BURRELL, J., Concur.

based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.