**STATE of Missouri, Respondent,**

v.

**Paula BEAM, Appellant.**

**No. ED 94457.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 8, 2011.

---

Craig A. Johnston, Office of the Missouri Public Defender, Columbia, MO, for Appellant.

Chris Koster, Attorney General, Terrence M. Messonnier, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

## Introduction

Paula Beam (Beam) appeals from the judgment entered by the Circuit Court of Perry County following a bench trial in which Beam was convicted of a class D felony of leaving the scene of a motor vehicle accident, and the misdemeanor charges of failure to maintain financial responsibility, and improper turn on a divided highway.[1] Beam was sentenced to one

---

1. Beam does not appeal the portion of the judgment relating to her misdemeanor charge of driving while her license was suspended.

year of incarceration. The trial court suspended the execution of Beam's sentence and placed her on probation. Because the information filed by the State was insufficient to charge Beam with an improper turn on a divided highway, we reverse and remand with instructions to the trial court on that count. Because the trial court plainly erred when it conducted a bench trial on Beam's felony charge without first obtaining from Beam a waiver of her right to a jury trial in accord with the requirements of Rule 27.01(b), we reverse the trial court's judgment on the count of leaving the scene of the accident, and remand this count to the trial court with instructions. Finding sufficient evidence that Beam failed to maintain financial responsibility as required under Section 303.025 RSMo (2000)[2], we affirm that portion of the trial court's judgment.

*Background*

In the late night hours of April 9, 2009, or the early morning hours of April 10, 2009, Jason Miller (Miller) was driving east on Ste. Marie Street when he approached a flashing red light at the corner of Main Street and Ste. Marie. Miller observed a white truck heading south. After a later police investigation, it was determined that Beam was the driver of the truck. As the truck attempted to turn west, the right front of the truck crossed into the eastbound lane and struck the right front of Miller's vehicle.

The truck did not stop following the accident. When Miller realized that the truck was not going to stop, he turned around and followed the truck, at the same time calling the police to report the accident. The truck continued west on Ste. Marie Street, went through a stop sign, and turned left at the next intersection. The truck then pulled into a parking lot and Miller pulled in behind the truck. After the truck stopped, two passengers exited and walked in the direction of a nearby bar. The driver, Beam, started to walk off but after observing Miller on the phone, returned to talk to him. While Miller recognized the driver, he did not know her name or recall how he knew her. When Beam walked up to Miller, she asked him, "Please don't call the police," and told Miller that her brother was a police officer.

Officer Ben Jansen (Officer Jansen) with the Perryville Police Department arrived shortly thereafter. Officer Jansen told Miller and Beam that he had another call to attend to, and instructed Beam and Miller to stay in their vehicles. Officer Jansen said that he would be back shortly. Officer Jansen also recognized Beam, but was not sure of her name or how he knew her. After Officer Jansen left, Miller remained in his vehicle. Beam initially went to her vehicle, but after a few minutes she walked away and left the area. When Officer Jansen returned approximately half an hour later, Miller explained what happened. After speaking with Miller, Officer Jansen went to a local bar to attempt to locate the driver of the truck, but was informed the suspect had left. Officer Jansen returned to the truck, checked the temporary tags, and ran the VIN number. It was determined that the truck belonged to Charles Marler (Marler), Beam's brother. At no time during the investigation of the accident did Beam offer her name, contact information, an insurance card, her driver's license, or any other identifying information to either Miller or Officer Jansen.

Detective Benjamin Course (Detective Course) came on duty later in the day on April 10, and after contacting Marler, was

2. All further statutory references are to RSMo (2000), unless otherwise indicated.

informed that Marler had allowed Beam to drive his truck. While it is unclear from the record who contacted Beam to request her presence at the police station, both Miller and Beam went to the police station later that day and filed written statements at the request of Detective Course. Beam admitted in her statement that she was driving the truck involved in the accident and that she left the truck to go to a local bar after Officer Jansen left to attend another call. The police officers later determined that the truck Beam was driving was not insured at the time of the accident.

Beam was charged with the class D felony of leaving the scene of a motor vehicle accident, and the misdemeanor charges of driving while her license was suspended, failing to maintain financial responsibility, and making an improper turn on a divided highway.

Prior to trial, a hearing was held at which time Beam's counsel announced to the trial court that "we're here to discuss an OR bond as well as set the case for a bench trial." At the conclusion of that hearing, the trial court noted that "I'm going to set the matter for nonjury trial on January 13th."

A bench trial was held on January 13 and 15, 2010. During Beam's opening statement, her counsel stated that,

> [T]here is a reason that my client and I are trying this case to the bench today as opposed to a jury. We're trying this case to the bench today because the case revolves around sufficiency of the evidence and, in my opinion, there is not sufficient evidence today to convict my client beyond a reasonable doubt of leaving the scene of a motor vehicle accident
> . . .

At the conclusion of Beam's trial, the trial court found her guilty on all four charges. Beam was sentenced to one year of imprisonment, however the execution of her sentence was suspended and she was placed on probation for five years.

Beam filed a notice of appeal to this court. This appeal follows.

### Points on Appeal

In her first three points on appeal, Beam claims the trial court erred when it overruled her motion for judgment of acquittal at the close of all the evidence and entered judgment and sentence against her for: (1) leaving the scene of a motor vehicle accident, (2) failing to maintain financial responsibility, and (3) making an improper turn on a divided highway.

In her final point on appeal, Beam alleges the trial court plainly erred in proceeding to a bench trial without first obtaining a waiver from Beam of her right to proceed with a trial by jury, made in open court and entered of record.

### Discussion

## I. Leaving the Scene of the Accident/Waiver of Jury Trial

Beam's first point on appeal alleges that the trial court erred in overruling her motion for judgment of acquittal and entering a judgment and sentence against her for leaving the scene of a motor vehicle accident. Because our holding on Beam's fourth point on appeal is dispositive of this portion of the trial court's judgment, we need not review Beam's initial evidentiary point on appeal.

An individual's right to a trial by jury is guaranteed under both the United States and Missouri Constitutions. As a safeguard of this right, certain precautions have been put in place to assure that any waiver of one's right to a jury trial does not run afoul of this constitutional guaranty. In Missouri, a defendant's constitutional right to a jury trial may be waived

in accordance with the requirements of Rule 27.01(b). In her fourth point on appeal, Beam argues that the trial court plainly erred when it conducted the bench trial without first obtaining from Beam a waiver of her right to a jury trial in open court and entered of record as required by Rule 27.01(b). Beam avers that the record does not demonstrate with unmistakable clarity that she knowingly, intelligently, and voluntarily waived her right to a trial by jury. Having carefully reviewed the record before us, we agree with Beam's arguments and reverse and remand the trial court's judgment with respect to Beam's conviction for leaving the scene of a motor vehicle accident.

As Beam concedes, because she did not object at trial to being tried without a jury, this Court may review her claim only for plain error under Rule 30.20. *State v. Britt*, 286 S.W.3d 859, 861 (Mo.App. S.D. 2009). "The plain error standard permits, but does not require, us to review for plain errors substantially affecting the rights of a defendant, which resulted in a manifest injustice or miscarriage of justice." *State v. Mitchell*, 145 S.W.3d 21, 22 (Mo.App. S.D.2004).

Review for plain error is a two-step process. *State v. Freeman*, 189 S.W.3d 605, 608 (Mo.App. W.D.2006). In the first step, we review the record to determine whether the trial court committed error affecting substantial rights that was "evident, obvious, and clear." *Id.* If this Court finds such error, we must then determine whether a manifest injustice or a miscarriage of justice resulted from the error. *Id.* at 608–09.

A criminal defendant in Missouri has both a federal and state constitutional right to have a jury decide his guilt or innocence. *Id.* However, a criminal defendant may waive his constitutional right to a jury, provided the waiver is "voluntarily, knowingly and intelligently made." *Id.*

With respect to a defendant's constitutional right to a jury trial, Rule 27.01(b) provides that a defendant may, with the assent of the court, "waive a trial by jury and submit the trial of any criminal case to the court, whose findings shall have the force and effect of the verdict of a jury." Rule 27.01(b) further requires that in felony cases, "such waiver by the defendant shall be made in open court and entered of record." *Id.* This Rule does not require that the trial court personally examine the defendant on the record about whether the defendant understands the right, but only that the waiver be made "in open court." *State v. Baxter*, 204 S.W.3d 650, 653 (Mo. banc 2006).

In felony cases, under both the Missouri Constitution and Rule 27.01(b), "a waiver by the accused and an assent of the court must appear from the record with unmistakable clarity." *State v. Bibb*, 702 S.W.2d 462, 466 (Mo. banc 1985). "In the absence of such an unmistakably clear waiver in a felony case, a defendant is entitled to a remand for a new trial under plain error review." *Freeman*, 189 S.W.3d at 609. "In misdemeanor cases, however, while a defendant is entitled to a jury trial, if no jury trial is demanded, the case may proceed to trial before the court." *Id.*

In this case, Beam was charged with three misdemeanor charges along with one felony count of leaving the scene of a motor vehicle accident. Beam claims the trial court failed to ascertain in open court and on the record that she affirmatively waived her right to a jury trial, but makes no distinction between the felony and misdemeanor counts. "[W]here an accused [in a misdemeanor case] makes no request for a jury trial and proceeds to trial without a jury, he cannot successfully

claim on appeal that his right to a jury trial was abridged." *Freeman*, 189 S.W.3d at 609, *quoting State v. Patrick*, 816 S.W.2d 955, 957 (Mo.App. S.D.1991). Beam's failure to demand a jury trial on the misdemeanor counts precludes her from complaining on appeal that she was denied a jury trial with respect to those charges. *See id.* Consequently, the trial court committed no error, plain or otherwise, in conducting a non-jury trial on Beam's misdemeanor charges. We limit our review of Beam's claim for plain error to the felony charge of leaving the scene of a motor vehicle accident.

■ The record on appeal in this case lacks any written or oral waiver by Beam of her right to a jury trial. Although Beam's counsel makes two references on the record regarding the desire for a bench trial, the record does not reflect that Beam, her counsel, or the trial court mention Beam's right to a jury trial or her decision to waive that right. At the pretrial hearing, Beam's counsel announced to the court that "we're here to discuss an OR bond as well as set the case for a bench trial." At the conclusion of that hearing, the trial court noted that "I'm going to set the matter for nonjury trial on January 13th." During Beam's opening statement at trial, her counsel stated that,

> [T]here is a reason that my client and I are trying this case to the bench today as opposed to a jury. We're trying this case to the bench today because the case revolves around sufficiency of the evidence and, in my opinion, there is not sufficient evidence today to convict my client beyond a reasonable doubt of leaving the scene of a motor vehicle accident . . .

Nowhere in these exchanges, or elsewhere on the record, does it appear with "unmistakable clarity" that Beam manifested a voluntary, knowing, and intelligent intent to waive her right to a jury trial. While we acknowledge that Beam's counsel requested a bench trial in her presence, we equally note that Beam was never questioned about her understanding of her right to a jury trial or her waiver of such right, by either her counsel or the trial court. In fact, the term "waiver" was never used in Beam's presence on the record. The record contains no evidence that any attempt was made to determine if Beam understood the implications of a "bench" trial on her right to a trial by jury. The fact that Beam's counsel may have requested a bench trial in her presence, without more, does not demonstrate "with unmistakable clarity" that Beam "voluntarily, knowingly and intelligently" waived her right to a jury. *See Freeman*, 189 S.W.3d at 610. The record does not support a finding that Beam waived her right to a jury trial "in open court and entered of record."

The State cites *State v. Baxter*, 204 S.W.3d 650 (Mo. banc 2006), as support for its position that an announcement of the waiver in open court by counsel meets the requirements of demonstrating "unmistakable clarity." The facts in *Baxter*, however, are clearly distinguishable from this case. First, in *Baxter*, the "announcement" made by defendant's counsel is substantially different than the "announcement" made by Beam's counsel. In *Baxter*, the prosecutor noted that:

> The agreement in this case was that [Defendant] would waive a jury trial and have a bench trial, upon my reduction of the charge to a class C felony, arson in the second degree. I would ask that [Defendant] acknowledge that on the record, so he cannot later complain that he did not have a jury trial.

*Id.* at 652. The defendant's counsel responded, in the defendant's presence, that "on behalf of the defense, I do understand

that there is a waiver of jury trial." *Id.* The statement made by counsel in *Baxter* explicitly uses the term "waiver of jury trial." No such exchange, setting forth Beam's right to a jury trial, and requesting an express confirmation that she waived such a right, appears on the record in this case. Furthermore, while the *Baxter* Court considered two separate factors when analyzing the jury trial waiver in that case, one of those factors is clearly absent here. *Id.* at 654. In *Baxter,* one of the factors examined by the Supreme Court was the bargain negotiated by the parties for a reduction in the charges in exchange for the jury waiver. *Id.* The negotiation of such bargain between the State and defendant provides some measure of assurance that the defendant understood the rights given up as a part of that bargain. No evidence of any such bargain in return for Beam's waiver of her right to a jury trial is found anywhere in the record.

The record before us is void of any evidence that Beam was advised of her right to a jury trial or the effects of a bench trial on that right. We find in the record absolutely no type of affirmative statement by Beam or directed to Beam regarding a waiver of her right to a jury trial. "In this respect, the record reflects that, although [her] trial counsel waived the right to a jury trial, the appellant never expressly waived, on the record, [her] right, either in writing or orally." *Mitchell,* 145 S.W.3d at 24, *quoting Luster v. State,* 10 S.W.3d 205, 211 (Mo.App. W.D. 2000). We are unable to discern whether Beam's counsel discussed the issue with Beam, and the record is void of any indication that the trial court discussed her right to a jury trial with her. *See id.*

We reiterate as guidance to trial courts the sentiments expressed by the *Baxter* Court when stating that the best practice for a trial court "is to question the defendant personally, on the record, to ensure that the defendant understands the right, understands what is lost in the waiver, has discussed the issue with defense counsel, and voluntarily intends to waive the right." 204 S.W.3d at 655. While the absence of this exchange does not mean that plain error necessarily has occurred, if the exchange takes place, "the defendant will have no grounds later to contend that his waiver was ineffective." *Id.* In this case, the lack of clarity presented by the record could have been avoided had either counsel noted on the record and in Beam's presence that she voluntarily waived her right to counsel, as was the case in *Baxter,* or had the trial court simply asked the defendant, on the record, if she understood her right to a trial by jury and her waiver of that right, as suggested by the *Baxter* court. Neither of these practices places an undue burden on the criminal justice system, and requires minimal effort to assure the guaranty of a fundamental constitutional protection.

In sum, the record in this case fails to demonstrate "with unmistakable clarity" that Beam waived her right to a jury trial on the charge of felony leaving the scene of a motor vehicle accident. *See Freeman,* 189 S.W.3d at 613. Consequently, the trial court committed error that was evident, obvious, and clear from the face of the record. *See id.* Moreover, because Beam demonstrated that the trial court's error resulted in manifest injustice—the violation of her constitutional right to a jury trial—she is entitled to plain error relief. *See id.* Accordingly, Beam's conviction and sentence for leaving the scene of a motor vehicle accident is reversed and the case remanded to the trial court for a new trial on this count.

## II. Failure to Maintain Financial Responsibility

█ In her second point on appeal, Beam claims the trial court erred in overruling her motion for judgment of acquittal at the close of all the evidence, and entering judgment and sentence for failure to maintain financial responsibility. Beam alleges the evidence was insufficient to prove that she knew the owner of the truck failed to maintain financial responsibility on it, and that there was no evidence that Beam did not have financial responsibility covering her operation of the truck. We disagree.

█ In reviewing the sufficiency of the evidence in a court-tried criminal case, the same standard of review is applied as in a jury tried case. *State v. Niederstadt*, 66 S.W.3d 12, 13 (Mo. banc 2002). "When considering the sufficiency of the evidence on appeal, this Court must determine whether sufficient evidence permits a reasonable juror to find guilt beyond a reasonable doubt." *State v. Belton*, 153 S.W.3d 307, 309 (Mo. banc 2005). "The evidence and all reasonable inferences therefrom are viewed in the light most favorable to the verdict, disregarding any evidence and inferences contrary to the verdict." *Id.*

The State charged Beam with failure to maintain financial responsibility, pursuant to Section 303.025. Specifically, the State alleged that Beam "operated a motor vehicle owned by another, knowing that the owner of the vehicle had failed to maintain financial responsibility on that motor vehicle." Mirroring the State's allegations, Section 303.025 provides that "no person shall operate a motor vehicle owned by another with the knowledge that the owner has not maintained financial responsibility." A person "acts knowingly" or "with knowledge":

(1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or

(2) With respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result. Section 562.016.

While the State must demonstrate Beam had knowledge that the owner of the truck had not maintained financial responsibility, "[d]irect proof of a required mental state is seldom available and such intent is usually inferred from circumstantial evidence." *State v. Holleran*, 197 S.W.3d 603, 611 (Mo.App. E.D.2006), *quoting State v. Brown*, 660 S.W.2d 694, 699 (Mo. banc 1983). A defendant's mental state may be determined from evidence of the defendant's "conduct before the act, from the act itself, and from the defendant's subsequent conduct." *Id.* "Evidence that, after being stopped by a police officer and directed to remain, a defendant fled and hid is admissible evidence tending to prove a consciousness of guilt." *Id.*

Here, evidence was presented that the truck Beam was driving at the time of the accident lacked insurance coverage. Evidence was also introduced that Beam did not stop and remain at the scene of the accident, but instead fled the scene, driving several blocks before finally stopping in a parking lot. Even after stopping the truck in the parking lot, the record indicates Beam started to walk away from Miller and his vehicle until she saw Miller talking on the phone. After Officer Jansen reported to the parking lot and specifically instructed the two drivers to remain with their vehicles, Beam again left the scene. At no time did Beam identify herself to either Officer Jansen or Miller, or provide any proof of financial responsibility for the truck she was driving. When Officer Jansen later returned to investi-

gate the accident, Beam had already fled and was unavailable to provide any proof of financial responsibility. These circumstances, including Beam's repeated attempts to flee from Miller and Officer Jansen, provide sufficient evidence from which the trier of fact could reasonably infer that Beam was aware that the truck she was driving lacked insurance coverage or any other indicia of financial responsibility. Because there exists sufficient evidence from which a trier of fact could reasonably infer that Beam knew she was driving a vehicle while failing to maintain financial responsibility for that vehicle, Beam's second point on appeal is denied.

### III. Improper Turn on Divided Highway

■■■ In her third point on appeal, Beam claims the trial court erred in overruling her motion for judgment of acquittal at the close of all the evidence, and entering judgment and sentence for improper turn on a divided highway under Section 304.015. Beam alleges that she was charged with turning "right not at an intersection, interchange, or designated location," whereas Section 304.015 prohibits "any left turn or semicircular or U-turn," at such location. We agree that the State's information did not properly charge a violation of Section 304.015, and therefore reverse and remand on this charge.

In the State's charging documents, Beam was charged with "the class A misdemeanor of improper turn on a divided highway," in violation of Section 304.015. In charging this crime, the State alleged Beam:

> operated a motor vehicle on E. Ste. Maries Street, at or near N. Main Street, a divided highway and turned right not at an intersection, interchange or location designated by the state highways and

transportation commission or the department of transportation, resulting in an accident.

However, Section 304.015, while criminalizing several traffic violations, does not address turning right not at an intersection, interchange, or other designated location.

■■■ A charging document is "sufficient if it contains the elements of the charged offense, fairly informs the defendant of the charge, and enables the defendant to plead double jeopardy as a bar to future prosecution for the same offense." *State v. Rotter*, 958 S.W.2d 59, 66 (Mo.App. W.D. 1997). We agree with Beam that the wording of the charged offense does not effectively plead a violation of Section 304.015.

Beam did not challenge the sufficiency of the information prior to the verdict. In cases such as this, the Missouri Supreme Court noted in *State v. Parkhurst*, 845 S.W.2d 31, 35 (Mo. banc 1992), that:

> [A] defendant may for the first time on appeal raise either the issue of the trial court's jurisdiction to try the class of case of which defendant was convicted or a separate claim that the indictment or information was insufficient to charge the crime of which defendant was convicted.

To summarize, the rule that essential statutory elements may not be supplied by intendment or implication has no application where the issue is not timely raised pursuant to Rule 24.04(b). When the issue is raised for the first time after verdict, the indictment or information will be deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and

plead former jeopardy in the event of acquittal are prejudiced. In either event, a defendant will not be entitled to relief based on a post-verdict claim that the information or indictment is insufficient unless the defendant demonstrates actual prejudice.

The information in the instant case does not charge a violation of Section 304.015, the crime upon which Beam was convicted. Accordingly, Beam's conviction under this Section must be reversed. *See State v. Ricker,* 936 S.W.2d 167, 171 (Mo.App. W.D.1996); *State v. Hicks,* 221 S.W.3d 497, 505 (Mo.App. W.D.2007) ("[A]s a result of his not being effectively charged with the misdemeanors of which he was convicted, his convictions cannot stand.")

The State requests a remand and an opportunity to amend the information to properly charge a violation of Section 304.015. Beam fails to present any argument or case law that precludes a remand under these circumstances. Accordingly, we reverse Beam's conviction for violating Section 304.015 and remand this count to the trial court with instructions to allow the State the opportunity to amend the information to allege a violation of Section 304.015.

Beam's third point on appeal is granted.

### Conclusion

Finding no error, we affirm the judgment of the trial court with regard to Beam's conviction for failure to maintain financial responsibility. However, we hold the trial court plainly erred by not obtaining a waiver from Beam of her right to a jury trial in open court and entered of record, and reverse and remand Beam's conviction for felony leaving the scene of a motor vehicle accident for a new trial. We also reverse the judgment of the trial court with regard to Beam's conviction for a violation of Section 304.015, and remand with directions to the trial court to allow the State the opportunity to amend the information consistent with this opinion.

ROBERT G. DOWD, JR., Concurs.

LUCY D. RAUCH, SP. J., Dissents.