STATE of Missouri, Plaintiff/Respondent,

v.

Paul WILLIAMS, Defendant/Appellant.

No. ED 99671.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 24, 2013.

Rosalynn Koch, Columbia, MO, for appellant.

Shaun Mackelprang, Jefferson City, MO, for respondent.

LISA S. VAN AMBURG, Presiding Judge.

## INTRODUCTION

Defendant Paul Allen Williams was convicted in the Circuit Court of Audrain County of two counts of criminal non-support, section 568.040, R.S.Mo. (Cum.Supp. 2010), a class D felony. The trial court

suspended execution of the four-year sentence and placed Williams on probation for five years. On appeal, Williams argues that the trial court erred: (1) by proceeding to a bench trial without first obtaining a valid waiver of Williams' right to trial by jury, and (2) by overruling his motion for judgment of acquittal, because there was insufficient evidence that Williams failed to pay child support "without good cause" as provided by section 568.040.

We hold that the trial court committed evident, obvious, and clear error by proceeding to a bench trial in the absence of any specific indication—beyond counsel's bare assertion of waiver—that Williams himself knowingly, voluntarily, and intelligently waived his right to jury trial. This violation of Williams' constitutional right to a jury trial is a manifest injustice and entitles Williams to plain error relief. *State v. Beam*, 334 S.W.3d 699, 706 (Mo. App.E.D.2011); *State v. Freeman*, 189 S.W.3d 605, 613 (Mo.App.W.D.2006); *State v. Cooper*, 108 S.W.3d 101, 106 (Mo.App. E.D.2003). Therefore, we vacate Williams' convictions and sentence, and remand this case to the trial court for a new trial.

## FACTS

Williams and S.P. had four children together and Williams was a "good provider" until he and S.P. separated some time in 2003 or 2004. During the charged time period—March 1, 2010, through March 1, 2011—a court order required Williams to pay child support of $73.00 per month for two of his children through the Family Support Payment Center. Though Williams did send S.P. $100.00 by Western Union, he made no payments through the Family Support Payment Center during this period.

On March 7, 2012, the State charged Williams with two counts of criminal nonsupport, section 568.040. After a bench trial, trial court found Williams guilty of both counts, suspended execution of the four-year sentence, and placed Williams on probation for five years. This appeal follows.

## DISCUSSION

In his first point, Williams argues that the trial court erred by proceeding to a bench trial without first obtaining a valid waiver of Williams' right to trial by jury. Specifically, Williams contends that the record does not indicate with unmistakable clarity that he knowingly, intelligently, and voluntarily waived his right to a trial by jury. Williams did not raise this issue at the trial level, and therefore requests plain error review under Missouri Supreme Court Rule 30.20.

"Review for plain error is a two-step process." *Beam*, 334 S.W.3d at 704. "In the first step, we review the record to determine whether the trial court committed error affecting substantial rights that was evident, obvious, and clear." *Id.* (internal quotation marks omitted). "If this Court finds such error, we must then determine whether a manifest injustice or a miscarriage of justice resulted from the error." *Id.* "[P]lain error can serve as the basis for granting a new trial on direct appeal only if the error was outcome determinative." *State v. Baxter*, 204 S.W.3d 650, 652 (Mo. banc 2006) (quoting *Deck v. State*, 68 S.W.3d 418, 427 (Mo. banc 2002)).

"A criminal defendant in Missouri has both a federal and state constitutional right to have a jury decide his guilt or innocence." *Beam*, 334 S.W.3d at 704; U.S. Const. amends. VI and XIV; Mo. Const. art. I, §§ 18(a) and 22(a). "This right may be waived by the defendant with the consent of the trial court," *Baxter*, 204 S.W.3d at 653 (citing Mo. Const. art. I, § 22(a)), provided that the waiver is

"knowing, voluntary, and intelligent," *id.* "In felony cases such waiver by the defendant shall be made in open court and entered of record," Missouri Supreme Court Rule 27.01(b), with "unmistakable clarity," *Baxter*, 204 S.W.3d at 653. However, the judge is not required to "question the defendant on the record, if the record shows [with unmistakable clarity] that the waiver was knowing, voluntary, and intelligent." *Id.* at 654.

Here, the record shows that Williams' counsel submitted a pre-trial motion that read: "Comes now the Defendant, by and through counsel, and hereby waives his right to a jury trial in this cause and asks that this matter be tried to the Court." At trial, the court's opening words were: "State vs. Paul Allen Williams for trial. And the jury has been waived; is that right?" Williams' counsel replied, "Yes," and the court proceeded to opening statements.

■ Upon such scant evidence, we cannot conclude that the record shows with unmistakable clarity that Williams knowingly, voluntarily, and intelligently waived his right to a jury trial. Though Williams' counsel submitted a motion to the trial court stating that Williams waived his right to a jury trial, Williams himself did not sign the motion or attest to the waiver. Likewise, though the trial court asked on record whether "a jury has been waived" and Williams' counsel responded "yes," the transcript provides no indication that Williams himself either understood or ratified this decision. *See Beam*, 334 S.W.3d at 705 ("The fact that [the defendant's] counsel may have requested a bench trial in her presence, without more, does not demonstrate with unmistakable clarity that [the defendant] voluntarily, knowingly and intelligently waived her right to a jury." (internal quotation marks omitted)). We see "no evidence that any attempt was made to determine if [Williams] understood the implications of a 'bench' trial or h[is] right to a trial by jury," *id.* at 706, and "absolutely no type of affirmative statement by [Williams] or directed to [Williams] regarding a waiver," *id.* at 705. Consequently, the record reflects only that *counsel* waived the right to a jury trial, not that Williams himself made any express waiver. *See id.* at 706; *State v. Mitchell*, 145 S.W.3d 21, 24 (Mo.App.S.D.2004); *Luster v. State*, 10 S.W.3d 205, 211 (Mo. App.W.D.2000).

The Missouri Supreme Court's decision in *State v. Baxter*, which the State cites in support of its argument that Williams' waiver was valid, is distinguishable from the instant case. In *Baxter*, 204 S.W.3d at 654, "[t]he prosecutor said in open court that there was an agreement that the charges would be reduced in exchange for a waiver; and, in fact, the charges were reduced from a B felony to a C felony." The Court reasoned that the bargain for reduction in charges was clear evidence that the waiver and its attendant consequences had been discussed with and ratified by the defendant himself. *Id.* Here, the record contains no such assurance that Williams participated in the decision to waive his right. Rather, we have only the perfunctory attestation of counsel.

■■ We recognize that a defendant need not be personally questioned by the judge to demonstrate that the defendant has knowingly, voluntarily, and intelligently waived his right to a jury trial. *Id.* Nevertheless, the record must show "something more" than a bare assertion by counsel. *See Beam*, 334 S.W.3d at 705. It must be unmistakably clear to the trial court that counsel has discussed the waiver with the defendant, and that the defendant understands the consequences of the waiver and wishes to give it of his own volition. In *Baxter*, that "something more" was the

fact of the defendant's bargain for reduced charges. Additionally, we believe a memorandum to the court that is signed by the defendant and provided in concert with counsel's express attestation in open court could satisfy this requirement. *Cf.* Fed. R.Crim.P. 23(a) (requiring, inter alia, that defendant personally waive jury trial in writing). Better still, the trial court could heed the exhortation of our Supreme Court and "question the defendant personally, on the record, to ensure that the defendant understands the right, understands what is lost in the waiver, has discussed the issue with defense counsel, and voluntarily intends to waive the right." *Baxter,* 204 S.W.3d at 655.

## CONCLUSION

◼ The trial court committed evident, obvious, and clear error by proceeding to a bench trial in the absence of any specific indication—beyond counsel's bare assertion of waiver—that Williams himself knowingly, voluntarily, and intelligently waived his right to jury trial. This violation of Williams' constitutional right to a jury trial is a manifest injustice and entitles Williams to plain error relief. *Beam,* 334 S.W.3d at 706; *Freeman,* 189 S.W.3d at 613; *Cooper,* 108 S.W.3d at 106. Therefore, we vacate Williams' convictions and sentence, and remand this case to the trial court for a new trial.

PATRICIA L. COHEN and GARY M. GAERTNER, JR., JJ., concur.