

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED109608 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | 1822-CR02383-01 |
| | ) | |
| JACOB HILBERT, | ) | Honorable Jason M. Sengheiser |
| | ) | |
| Appellant. | ) | Filed:  June 28, 2022 |

This bench-tried criminal case involves whether a defendant's constitutional right to a jury trial was violated as a result of the trial court's failure to obtain an unmistakably clear and constitutionally sufficient waiver of that right from the defendant.  Every criminal defendant in Missouri – including a defendant like the one in this case who has been charged with very serious felonies – has a federal and state constitutional right to have a jury decide his guilt or innocence.[1]  Although a defendant in a felony case may waive his right to a jury trial with consent of the court, the waiver is constitutionally sufficient only if the record shows with unmistakable clarity that the waiver was made by the defendant himself knowingly, voluntarily, and intelligently; in other words, the record must show "[a] fully informed and publicly

---

[1] *See State v. Williams*, 417 S.W.3d 360, 362 (Mo. App. E.D. 2013); *see also Duncan v. State of La.*, 391 U.S. 145, 154, 157-58 (1968) (holding "the right to jury trial in serious criminal cases is a fundamental right and hence must be recognized by the States as part of their obligation to extend due process of law to all persons within their jurisdiction" and that "in the American States, as in the federal judicial system, a general grant of jury trial for serious offenses is a fundamental right, essential for preventing miscarriages of justice and for assuring that fair trials are provided for all defendants"); U.S. Const. amends. VI and XIV; Mo. Const. art. 1, sections 18(a) and 22(a).

acknowledged consent of the [defendant]" and "'[a] personal communication of the defendant to the court that he chooses to relinquish the right [to a jury trial].'"[2] For the reasons discussed below, we find no such unmistakably clear and constitutionally sufficient waiver occurred in this case, and, therefore, the trial court plainly erred in holding a bench trial.[3]

Jacob Hilbert ("Defendant") appeals the judgment, following a bench trial, finding him guilty of two counts of first-degree statutory sodomy and one count of first-degree child molestation, and sentencing him to a total of thirty years of imprisonment. Because we find the trial court plainly erred in holding a bench trial without an unmistakably clear and constitutionally sufficient waiver from Defendant of his right to a jury trial, we vacate Defendant's convictions and sentences, and we remand this case for a new trial.

## I.    BACKGROUND

On September 18, 2018, Defendant was charged with the above crimes. Subsequently, on January 6, 2020, Defendant's case was called for a jury trial, and the trial court commenced voir dire. The next day, the trial court dismissed the jury panel following improper questioning by the attorneys during voir dire which the court found would render proceeding with jury selection "unfair."

After the trial court dismissed the jury, defense counsel never filed a motion indicating Defendant wished to waive his right to a jury trial; nevertheless, the trial court scheduled a bench trial for February 25. At a pre-trial hearing on February 24, which occurred in Defendant's presence, the following colloquy occurred:

---

[2] *See Taylor v. Illinois*, 484 U.S. 400, 417-18, 418 n.24 (1988) (final set of bracketed alterations in original) (partially quoting *Doughty v. State*, 470 N.E.2d 69, 70 (Ind. 1984)); *State v. Baxter*, 204 S.W.3d 650, 653 (Mo. banc 2006) (citing Mo. Const. art. 1, section 22(a)); *Williams*, 417 S.W.3d at 362-63, 364; *see also* Missouri Supreme Court Rule 27.01(b) (effective from January 1, 1980 to June 30, 2022).

[3] *See id*.; *see also* U.S. Const. amends. VI and XIV; Mo. Const. art. I, sections 18(a) and 22(a); Missouri Supreme Court Rule 30.20 (2022); *State v. Mendez-Ulloa*, 525 S.W.3d 585, 595 (Mo. App. E.D. 2017); *State v. McKay*, 411 S.W.3d 295, 304 (Mo. App. E.D. 2013).

| [The trial court]: | So I think, Mr. Goulet [, i.e., defense counsel], you've represented that you're wanting a bench trial instead of a jury trial; correct? |
|---|---|
| [Defense counsel]: | That is correct, your Honor. |

The trial court did not question Defendant about waiving his right to a jury trial during any pre-trial hearing or during the bench trial. At the close of the State's evidence, the prosecutor asked defense counsel if a written waiver of a jury trial had been filed. Defense counsel replied it had not been filed, but he intended to file a written waiver at some point in the future. However, Defendant never signed a written jury waiver, nor was a written jury waiver ever filed with the trial court.

After the close of all of the evidence, the trial court found Defendant guilty of two counts of first-degree statutory sodomy and one count of first-degree child molestation. Subsequently, Defendant's sentencing hearing took place on April 12, 2021. During Defendant's mother's testimony at the hearing, she asked the court to reconsider the evidence in the case and referred to her alleged knowledge of the decision to proceed with a bench trial.

The court then questioned Defendant regarding issues that could arise during post-conviction proceedings, and the following exchange occurred:

| [The trial court]: | Did [your attorney] explain your rights in a jury trial rather than in a bench trial? |
|---|---|
| [Defendant]: | I decline to answer. |
| [The trial court]: | Was it your decision to go to trial? |
| [Defendant]: | I decline to answer. |

Similarly, Defendant responded "I decline to answer" to the trial court's specific questions regarding defense counsel's performance and Defendant's decision to testify on his own behalf.

3

The trial court sentenced Defendant to a total of thirty years of imprisonment. Defendant now appeals.

## II.    DISCUSSION

Defendant raises two points. In Defendant's first point on appeal, he argues the trial court plainly erred by proceeding to a bench trial without an unmistakably clear and constitutionally sufficient waiver from Defendant of his right to a jury trial. For the reasons discussed below, we find this argument has merit and requires our Court to, *inter alia*, remand this case for a new trial.[4]

Defendant concedes his argument on appeal is not preserved for review, and, therefore, requests plain error review under Missouri Supreme Court Rule 30.20 (2022).[5] *See id*.; *State v. McKay*, 411 S.W.3d 295, 304 (Mo. App. E.D. 2013). Under plain-error review, we will only grant a defendant relief if we find an evident, obvious, and clear error occurred, and such an error affected the defendant's rights so substantially that a manifest injustice or miscarriage of justice resulted. *McKay*, 411 S.W.3d at 304; *see also State v. Mendez-Ulloa*, 525 S.W.3d 585, 595 (Mo. App. E.D. 2017).

### A.    Applicable Missouri and U.S. Supreme Court Case Law

"A criminal defendant in Missouri has both a federal and state constitutional right to have a jury decide his guilt or innocence." *State v. Williams*, 417 S.W.3d 360, 362 (Mo. App. E.D. 2013) (citation omitted); *see also Duncan v. State of La.*, 391 U.S. 145, 154, 157-58 (1968); U.S. Const. amends. VI and XIV; Mo. Const. art. 1, sections 18(a) and 22(a). A defendant in a felony

---

[4] Because we find Defendant's argument in his first point has merit and requires our Court to, *inter alia*, remand this case for a new trial, we need not address Defendant's second point which contends the trial court erred in admitting a specific piece of evidence. *See State v. Henderson*, 551 S.W.3d 593, 599 (Mo. App. W.D. 2018) and *State v. Bristow*, 190 S.W.3d 479, 482 n.3 (Mo. App. S.D. 2006) (overruled on other grounds) (both declining to address a defendant's point on appeal under similar circumstances).

[5] All further references to Rule 30.20 are to Missouri Supreme Court Rules (2022).

case may waive his right to a jury trial with the consent of the trial court, provided such waiver is "knowing, voluntary, and intelligent." *Williams*, 417 S.W.3d at 362-63 (quoting *State v. Baxter*, 204 S.W.3d 650, 653 (Mo. banc 2006)) (citing Mo. Const. art. 1, section 22(a)); *see also Adams v. U.S. ex rel. McCann*, 317 U.S. 269, 275 (1942) ("an accused, in the exercise of a free and intelligent choice, and with the considered approval of the court, may waive trial by jury"); Missouri Supreme Court Rule 27.01(b) (effective from January 1, 1980 to June 30, 2022).[6] Moreover, while a trial court is not required to question the defendant on the record, "the waiver must appear in the record with unmistakable clarity." *Baxter*, 204 S.W.3d at 653 (internal quotations omitted) (citing, *inter alia*, Mo. Const. art. 1, section 22(a) and Rule 27.01(b)); *see also* Rule 27.01(b) (providing in relevant part that in felony cases, a defendant's waiver of a jury trial "shall be made in open court and entered of record").

"[C]ertain decisions regarding the exercise or waiver of basic trial rights are of such moment that they cannot be made for the defendant by a surrogate." *Florida v. Nixon*, 543 U.S. 175, 187 (2004). "A defendant, [the U.S. Supreme Court has] affirmed, has 'the ultimate authority' to [, *inter alia*,] determine 'whether to . . . waive a jury [trial] . . ..'" *Id*. (citations omitted). Accordingly, an attorney cannot waive a defendant's right to a jury trial for him "without the fully informed and publicly acknowledged consent of the [defendant]." *Taylor v. Illinois*, 484 U.S. 400, 417-18, 418 n.24 (1988). Furthermore, in order for a waiver to be constitutionally sufficient, "'[the] record must [also] show [a] personal communication of the defendant to the court that he chooses to relinquish the right [to a jury trial].'" *See id*. (final set of bracketed alterations in original) (quoting *Doughty v. State*, 470 N.E.2d 69, 70 (Ind. 1984)).

---

[6] All further references to Rule 27.01(b) are to the version of the Rule effective from January 1, 1980 to June 30, 2022.

Therefore, a court commits evident, obvious, and clear error by proceeding to a bench trial in the absence of any specific indication that a defendant himself knowingly, voluntarily, and intelligently waived his right to a jury trial. *Williams*, 417 S.W.3d at 362-63, 364; *see also Florida*, 543 U.S. at 187; *Taylor*, 484 U.S. at 417-18, 418 n.24; *Adams*, 317 U.S. at 275. Moreover, this violation of a defendant's constitutional right to a jury trial is a manifest injustice and entitles the defendant to plain-error relief. *See id.*; *see also* U.S. Const. amends. VI and XIV; Mo. Const. art. I, sections 18(a) and 22(a); Rule 30.20; *Mendez-Ulloa*, 525 S.W.3d at 595; *McKay*, 411 S.W.3d at 304.

**B.     The Record in This Case Does Not Contain an Unmistakably Clear and Constitutionally Sufficient Waiver of Defendant's Right to a Jury Trial**

For the reasons set out in detail below, we hold the record in this case does not contain an unmistakably clear and constitutionally sufficient waiver of Defendant's right to a jury trial, (1) under the Missouri and U.S. Supreme Court case law discussed above; (2) because this Court's decision in *State v. Williams* is particularly instructive; and (3) because *State v. Baxter* – the Missouri Supreme Court case relied upon by the State – is distinguishable, and because the State's primary arguments that there was an unmistakably clear and constitutionally sufficient jury waiver in this case have no merit.

**1.     Applying Missouri and U.S. Supreme Court Case Law to the Record**

In this case, there are only four references in the record to the decision to proceed to a bench trial, none of which (standing on their own or collectively) constitute an unmistakably clear and constitutionally sufficient waiver of Defendant's right to a jury trial under the applicable Missouri and U.S. Supreme Court case law previously discussed in Section II.A. of this opinion.

6

The first reference in the record to the decision to proceed to a bench trial was an exchange between the trial court and defense counsel during the pre-trial hearing on February 24. The following colloquy occurred:

[The trial court]:                    *So I think Mr. Goulet [ i.e., defense counsel] you've represented that you're wanting a bench trial instead of a jury trial*; correct?

[*Defense counsel*]:                  *That is correct*, your Honor.

(emphasis added).

The second reference to the decision to proceed to a bench trial took place during an exchange between the prosecutor and defense counsel at the close of the State's evidence. Specifically, the prosecutor asked defense counsel if a written waiver of a jury trial had been filed. *Defense counsel replied* it had not been filed, but *he intended to file a written waiver* at some point in the future. However, Defendant never signed a written jury waiver, nor was a written jury waiver ever filed with the trial court.

The last two references in the record to the decision to proceed to a bench trial took place during Defendant's sentencing hearing, with only Defendant's mother and the court referring to the decision. *During Defendant's mother's testimony* at the hearing, *she referred to her alleged knowledge of the decision to proceed with a bench trial*. And finally, when the court questioned Defendant regarding issues that could arise during post-conviction proceedings, *Defendant declined to answer any questions* from the court and the following exchange occurred:

[The trial court]:      Did [your attorney] explain your rights in a jury trial rather than in a bench trial?

[*Defendant*]:         *I decline to answer*.

[The trial court]:      Was it your decision to go to trial?

[*Defendant*]:         *I decline to answer*.

7

(emphasis added).

Although Defendant was present when each of the above circumstances occurred, at most they collectively show that *defense counsel* wanted a bench trial instead of a jury trial, *defense counsel* intended to file a written jury waiver (but ultimately did not), *Defendant's mother* had alleged knowledge of the decision to proceed with a bench trial, and *Defendant declined to answer any questions* from the court during sentencing. Importantly, nothing in the record remotely constitutes "'[a] personal communication of [Defendant] to the court that he ch[ose] to relinquish the right [to a jury trial]'" or "[a] fully informed and publicly acknowledged consent of [Defendant] [of the right to a jury trial]." *See Taylor*, 484 U.S. at 417-18, 418 n. 24 (fourth set of bracketed alterations in original) (partially quoting *Doughty*, 470 N.E.2d at 70). Furthermore, the record contains no specific indication that Defendant himself knowingly, voluntarily, and intelligently waived his right to a jury trial. *See Williams*, 417 S.W.3d at 362-63, 364; *see also Florida*, 543 U.S. at 187; *Taylor*, 484 U.S. at 417-18, 418 n.24; *Adams*, 317 U.S. at 275.

Under these circumstances, and because the U.S. Supreme Court has held a defendant "has the ultimate authority to . . . determine whether to . . . waive a jury [trial] . . .." and that the decision is "of such moment that [it] cannot be made for the defendant by a surrogate," *Florida*, 543 U.S. at 187, we hold the trial court plainly erred in failing to obtain an unmistakably clear and constitutionally sufficient waiver of the right to a jury trial from Defendant. *See id*. (citations and internal quotations omitted); *Taylor*, 484 U.S. at 417-18, 418 n.24; *Adams*, 317 U.S. at 275; *Baxter*, 204 S.W.3d at 653; *Williams*, 417 S.W.3d at 362-63, 364; *see also* U.S. Const. amends. VI and XIV; Mo. Const. art. I, sections 18(a) and 22(a); Rule 27.01(b); Rule 30.20; *Mendez-Ulloa*, 525 S.W.3d at 595; *McKay*, 411 S.W.3d at 304.

## 2.    This Court's Decision *State v. Williams* is Instructive

Our holding that the trial court plainly erred in failing to obtain an unmistakably clear and constitutionally sufficient waiver of the right to a jury trial from Defendant is also particularly supported by this Court's decision in *State v. Williams*, 417 S.W.3d 360.

In *Williams*, the record showed defense counsel submitted a written pre-trial motion asserting the defendant wished to waive his right to a jury trial; the pre-trial motion was unsigned and unattested to by the defendant; and prior to opening statements, defense counsel orally affirmed the right to a jury trial had been waived. *Id*. at 363. On appeal, the defendant argued the trial court plainly erred by proceeding to a bench trial without an unmistakably clear waiver from the defendant of his right to a jury trial. *Id*. at 362. Our Court agreed, holding "[u]pon such scant evidence [in the record], we cannot conclude . . . with unmistakable clarity that [the defendant] knowingly, voluntarily, and intelligently waived his right to a jury trial" because, (1) "the record reflect[ed] only that counsel waived the right to a jury trial, not that [the defendant] himself made any express waiver" and (2) "the [record] provide[d] no indication that [the defendant] himself either understood or ratified [counsel's] decision." *Id*. at 363 (emphasis omitted).

The evidence in the instant case's record is even more sparse than the "scant evidence" recited in *Williams*. *See id*. First, unlike in *Williams*, there was no written pre-trial motion on the issue of waiver filed in this case. *See id*. The legal file does not contain a written jury waiver signed by Defendant, nor was there ever such a waiver filed with the trial court. Second, unlike the defense counsel in *Williams* who orally affirmed the right to a jury trial had been waived, defense counsel in this case merely stated on the record that counsel wanted a bench trial instead of a jury trial and that counsel intended to file written jury waiver. *See id*.

9

Accordingly, and similar to the record in *Williams*, (1) the record in this case reflects – at most – that defense counsel waived the right to a jury trial, not that Defendant himself made any express waiver; and (2) the record here provides no indication that Defendant himself either understood or ratified defense counsel's purported decision to waive the right to a jury trial. *See id.* Under these circumstances, we cannot conclude with unmistakable clarity that Defendant knowingly, voluntarily, and intelligently waived his right to a jury trial or that a constitutionally sufficient jury waiver occurred. *See id.*

3. ***State v. Baxter* – the Missouri Supreme Court Case Relied Upon by the State – is Distinguishable, and the State's Primary Arguments That There Was an Unmistakably Clear and Constitutionally Sufficient Jury Waiver in This Case Have No Merit**

The State argues there was an unmistakably clear and constitutionally sufficient waiver of Defendant's right to a jury trial primarily because defense counsel requested a bench trial in Defendant's presence and because Defendant failed to object to proceeding with a bench trial. In support of this argument, the State relies on, *inter alia*, *State v. Baxter*, 204 S.W.3d 650.

In *Baxter*, the Missouri Supreme Court affirmed a defendant's convictions following a bench trial when the record showed that, *inter alia*, (1) defense counsel stated in open court that there was an agreement to waive the defendant's right to a jury trial and the defendant did not object; and (2) the defendant and defense counsel participated in the decision to waive defendant's right to a jury trial, which was evidenced by the defendant's and his counsel's negotiation with the prosecutor and agreement to proceed with a bench trial in exchange for a reduction of the charges. *See id.* at 652, 654; *see also Williams*, 417 S.W.3d at 363-64 (similarly characterizing *Baxter*). The circumstances here are readily distinguishable because in this case Defendant and defense counsel did not negotiate with the prosecutor, Defendant and his counsel did not agree to proceed with a bench trial in exchange for a reduction of charges, and there is no

10

other similar evidence that Defendant and defense counsel participated in the decision to waive the defendant's right to a jury trial. *See Williams*, 417 S.W.3d at 363 and *State v. Beam*, 334 S.W.3d 699, 706 (Mo. App. E.D. 2011) (both similarly distinguishing *Baxter*). Accordingly, the State's reliance on *Baxter* is misplaced.

Moreover, in decisions post-*Baxter*, our Court has rejected the State's primary arguments here – that there was an unmistakably clear and constitutionally sufficient waiver of Defendant's right to a jury trial because defense counsel requested a bench trial in Defendant's presence and because Defendant failed to object to proceeding with a bench trial. *See State v. Feldt*, 512 S.W.3d 135, 143-44 (Mo. App. E.D. 2017) (holding a record does not demonstrate with unmistakable clarity that a defendant knowingly, voluntarily, and intelligently waived his right to a jury trial where the defendant failed to object to proceeding with a bench trial); *Beam*, 334 S.W.3d at 705 (holding a record does not demonstrate with unmistakable clarity that a defendant knowingly, voluntarily, and intelligently waived his right to a jury trial where defense counsel requested a bench trial in the defendant's presence). Finally, if we were to give credence to the State's arguments, it would set an untenable, unreasonable, and impracticable precedent and standard, (1) requiring defendants with no trained legal education – even those with a low IQ or minimal education level – to know and fully understand their constitutional right to a jury trial even when, as here, there is nothing in the record demonstrating such knowledge and understanding; and (2) requiring such defendants to be an advocate on their own behalf and to have the often-times-unwise initiative to speak directly to a trial judge (and possibly even interrupt court proceedings), notwithstanding having representation of legal counsel.

In sum, *Baxter* is distinguishable, and the State's primary arguments that there was an unmistakably clear and constitutionally sufficient jury waiver in this case have no merit.

11

**C. Conclusion as to Defendant's First Point on Appeal and This Court's Guidance to Parties and Trial Courts**

For the reasons discussed above, Defendant's constitutional right to a jury trial was violated as a result of the trial court's failure to obtain an unmistakably clear and constitutionally sufficient waiver of that right from Defendant, and, therefore, the trial court plainly erred in holding a bench trial.

Importantly, the error in this case could have been avoided if, at a minimum, defense counsel had announced in open court, on the record, and in Defendant's presence, that Defendant was voluntarily waiving his right to a jury trial *and* Defendant had signed a written jury waiver which was filed with the trial court.[7] *See Taylor*, 484 U.S. at 417-18, 418 n.24 (indicating a waiver is constitutionally sufficient if the record shows both "[a] fully informed and publicly acknowledged consent of the [defendant]" and "'[a] personal communication of the defendant to the court that he chooses to relinquish the right [to a jury trial]'") (final set of bracketed alterations in original) (partially quoting *Doughty*, 470 N.E.2d at 70); *Williams*, 417 S.W.3d at 363-64 (indicating a written jury waiver signed by the defendant in conjunction with defense counsel's oral affirmation of waiver in open court could be constitutionally sufficient to show the defendant himself knowingly, voluntarily, and intelligently waived his right to a jury trial).[8]

The error in this case could have also been avoided if the trial court would have engaged in a two-step procedure which we hold is "the very best practice": (1) "question[ing] the

---

[7] Nothing in this opinion should be read to suggest defense counsel's failure to ensure there was an unmistakably clear and constitutionally sufficient jury waiver on the record in this case constitutes malfeasance or that defense counsel should be penalized if any malfeasance occurred. In fact, "[the U.S. Supreme Court] . . . ha[s] placed the entire responsibility on the prosecution to show that the claimed waiver was knowingly and voluntarily made" "in [ ] cases concerning the waiver of fundamental rights" including "the right[ ] . . . to demand a jury trial." *Barker v. Wingo*, 407 U.S. 514, 529 (1972).

[8] *But see Feldt*, 512 S.W.3d at 145 (indicating error could be avoided if, at a minimum, "[defense] counsel noted on the record and in the defendant's presence that the defendant was voluntarily waiving his right to a jury trial") (citing *Beam*, 334 S.W.3d at 706).

12

defendant on the record to ensure he understands what is lost in the waiver [of his constitutional right to a jury trial], has discussed the issue with defense counsel, and voluntarily intends to waive that right," and (2) then obtaining a written signed jury waiver from the defendant on the record, in open court, and with defense counsel present.[9] *See Taylor*, 484 U.S. at 417-18, 418 n.24; *Feldt*, 512 S.W.3d at 145 (emphasis omitted) (limiting "the very best practice" to (1), i.e., questioning the defendant on the record); *see also Baxter*, 204 S.W.3d at 655 and *Williams*, 417 S.W.3d at 363-64. We recommend trial courts question defendants on the record and then obtain a written signed jury waiver from defendants to ensure criminal defendants' constitutional right to a jury trial is adequately protected.

Defendant's first point on appeal is granted.

---

[9] We recommend a trial court swear a defendant in and ask the following questions of the defendant (or engage in a similar line of questioning) regarding the knowing and voluntary nature of his jury waiver in open court and on the record: (1) "Do you understand you have the right to have a jury trial in this case or you have the right to have a bench trial?"; (2) "A bench trial means that I would be the one who would hear all the evidence and assess the credibility of the witnesses and decide your guilt or innocence. Do you understand?"; (3) "And then only in the event that there would be a conviction, then I would determine the appropriate sentence. Do you understand?"; (4) "Do you understand you have the right to a jury trial, and a jury could determine your guilt or innocence of any charges that are against you?"; (5) "Do you understand it can only be a jury composed of twelve fair and impartial individuals?"; (6) "If you decide to have a jury trial, all twelve fair and impartial individuals must agree unanimously as to you being guilty or not guilty. Do you understand?"; (7) "In terms of sentencing, if there was a conviction after a jury trial, you could have the jury determine whatever sentence during the penalty phase, and at that penalty phase your attorney would have the right to present additional evidence, and additional instruction would be given to the jury. Do you understand?"; (8) "Do you understand that if you give up your right to a jury trial and you receive a conviction at the bench trial you can't come back later and say that you want a jury trial?"; (9) "Have you had enough time to consult with your attorney as to the decision of whether or not you want a jury trial in this case?"; (10) "And what is your decision?"; (11) "Are you waiving your right to a jury trial out of your own free will and voluntarily and do you attest that no one has threatened, forced, or promised you to do anything in exchange for you waiving your right to a jury trial?"; and (12) "Is there anything further you wish to tell the court about your decision to waive your right to a jury trial?" Moreover, after the preceding line of questioning, we recommend a trial court then obtain a written signed jury waiver from the defendant on the record, in open court, with defense counsel present, signed by the defendant, defense counsel, and the trial judge. *See Trial Judges Criminal Benchbook*, Office of State Courts Administrator, Chapter 32: "Court Tried Cases", Section 32.7: "Waiver Form (used in St. Louis County Circuit Court)" (updated and revised April 19, 2021).

## III.    CONCLUSION

Based on the foregoing, we vacate Defendant's convictions and sentences, and we remand this case for a new trial.

_____
ROBERT M. CLAYTON III, Presiding Judge

Gary M. Gaertner, Jr., J., concurs.
Thomas C. Clark II, J., dissents in a separate opinion.

14



# In the Missouri Court of Appeals
# Eastern District

**DIVISION TWO**

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED109608 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | Cause No. 1822-CR02383-01 |
| | ) | |
| JACOB HILBERT, | ) | |
| | ) | Honorable Jason M. Sengheiser |
| Appellant. | ) | |
| | ) | Filed:  June 28, 2022 |
| | ) | |

**DISSENT**

My opinion respectfully deviates from the opinion of the learned majority. Understandably, the majority points to the trial court's attenuated record addressing Defendant's intention to definitively waive his right to a jury trial, but my viewpoint is the collective record satisfies the legal standard and the requirements of *State v. Baxter*, 204 S.W.3d 650 (Mo. banc 2006).

The majority provides an accurate and well-researched summary of the larger legal landscape involving this issue. A Defendant may waive his right to trial by jury in open court. Rule 27.01(b). The waiver must be "knowing, voluntary, and intelligent" and made with "unmistakable clarity." *Baxter*, 204 S.W.3d at 653 (citing *State v. Bibb*, 702 S.W.2d 462, 466 (Mo. banc 1985) and Mo. Const. art. 1, section 22(a)); *see also State v. Williams*, 417 S.W.3d 360, 362 (Mo. App. E.D. 2013). These controlling principles are not in dispute.

1

*Baxter* and *Williams* are the two key Missouri cases applying these legal principles to facts resembling those presented in this case. In *Baxter*, the Missouri Supreme Court evaluated the specific circumstances of the defendants' waiver of a jury trial through his counsel's statements and held that the waiver was "knowing, voluntary, and intelligent," which did not support the defendant's claim of plain error. 204 S.W.3d at 653. In *Williams*, this court considered a similar claim and held that the waiver was not sufficient after evaluating the factual specifics in that case. 417 S.W.3d at 362. The disposition of this appeal turns on whether the circumstances here more closely resemble *Baxter* or *Williams*.

In my view, our matter is more similar to *Baxter*. In *Baxter*, defendant's attorney confirmed his client's intention to waive his right to a jury trial and proceed with a court-tried bench trial on reduced charges following negotiations with the state. *Baxter*, 204 S.W.3d at 652. The trial court did not question the defendant directly about his intended waiver or his discussions with his attorney, but the defendant observed his attorney confirm his desire to proceed with a bench trial in open court, before the judge and in the prosecutor's presence. *Id*. After the court found the defendant guilty and proceeded to ask the defendant about his legal representation after sentencing, the defendant complained about his representation on two different issues but did not raise the jury trial waiver. *Id*. On appeal, the defendant argued that he had not waived a jury trial with the required "clarity." *Id*. at 653. Our Supreme Court disagreed, holding that waiver was sufficient because it was "knowing, intelligent, and voluntary." *Id*.

The Court identified two factors as critical to its conclusion. First, the fact that Baxter did not allege that he was not informed of the right by trial counsel, that he did not understand the right, that he did not voluntarily waive the right, or that he would have asserted the right if questioned by the judge. *Id*. Second, the Court noted that defendant and the prosecutor "struck a

2

bargain for lesser charges in exchange for the waiver," which supported a finding that the waiver was voluntary because normally a defendant approves any plea deal. *Id*.

The first factor cited in *Baxter* is present in this matter. Like *Baxter*, Defendant's attorney initially announced to the court and on the record that Defendant intended to proceed with a bench trial instead of a jury trial. Also like *Baxter*, Defendant does not allege that he did not understand the right he was waiving or assert that he did not waive the right to a jury trial. *Baxter*'s second corroborative factor involving the prosecutor agreement is not present in the current matter.

However, other circumstances present in this case demonstrate that Hilbert's waiver was fully knowing, intelligent and voluntary. Most notably, the record shows Appellant understood his right to a jury trial because he previously participated, witnessed and experienced a significant portion of the jury selection process before it was curtailed at the previous court setting. Although absent from *Baxter*, this fact is as compelling as the prosecutor agreement about lesser charges when demonstrating a knowing, intelligent and voluntary waiver of the jury trial. Following his personal experience of witnessing jury selection on the prior court setting, Defendant observed his entire court-tried bench trial begin, unfold and conclude without raising a single objection. During the trial, his attorney even reasserted his client's intention to file a written waiver, despite failing to do so.

The Missouri Supreme Court noted a further consideration relevant to our circumstances, specifically that Baxter had the opportunity to voice his dissatisfaction with counsel at the sentencing. *Id*. at 654. Although afforded his chance to complain about counsel forfeiting his right, Appellant chose not to do so. *Id*.

Here, when the trial court asked Defendant about the effectiveness of his counsel following the guilty verdict, Defendant refused to answer any questions. Defendant argues that his silence at this point cannot be held against him, but the law does not support this position. *Baxter*, 204 S.W.3d at 654. At the post-sentence proceeding, Defendant chose not to express any dissatisfaction about the jury trial waiver and, equally important, he did not disavow that he voluntarily waived the right or that he would have insisted on proceeding with a jury trial when questioned by the court. *Id* at 654. All of these factors are deserving of our consideration when reflecting on Defendant's intention to knowingly and intelligently waive his right to a jury trial, in my opinion. While the facts here are not identical to *Baxter*, the collective circumstances carry equal weight when compared to the factors cited in *Baxter*, which should allow us to affirm the trial court.

The *Williams* decision is not to the contrary. *Williams* holds that a waiver through counsel, on its own, is insufficient without "something more." 417 S.W.3d at 364, *see also State v. Beam*, 334 S.W.3d 699, 706 (Mo. App. E.D. 2011). In *Baxter*, that "something more" was provided by the two factors discussed above. In our case additional factors provide "something more" to an equal degree as was present in *Baxter*. Thus, the requirement of *Williams* is met and Defendant has failed to show plain error requiring reversal of the judgment.

As always, the trial court should take the initiative to question the defendant directly to "ensure that the defendant understands the right, understands what is lost in the waiver, has discussed the issue with defense counsel and voluntarily intends to waive the right." *Baxter*, 204 S.W.3d at 655. Regrettably, this did not happen here. My viewpoint completely coincides with the majority opinion that the trial court should be encouraged to voir dire the defendant directly to erase any doubt about defendant's knowing and voluntary waiver. In this case, however, the

4

record adequately reflects that Defendant intended to waive his right to a jury trial after considering his collective conduct and the events unfolding in his presence.

_____

Thomas C. Clark II, J.